IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SIDNEY ALLEN WORTHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-976-W |
| ) | |
| WILLIAM HULL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON
THE CLAIMS INVOLVING MR. HARVEY CRAIG**

Plaintiff Sidney Worthen is a state prisoner and appears *pro se*, bringing the present action under 42 U.S.C. § 1983. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 Jury Trial Demanded by Judge or by Magistrate (Aug. 9, 2004) ("Complaint"). Defendant Harvey Craig has moved for dismissal. Motion to Dismiss and/or for Summary Judgment and Brief in Support of Defendant, Harvey Craig at pp. 1, 2, 8, 9, 11, 13, 16,19 (Dec. 3, 2004) ("Defendant Craig's Dispositive Motion").[1] Mr. Craig is entitled to Eleventh Amendment immunity on the official capacity claims for damages and equitable relief involving the law library, legal training, vision care, and sunglasses. The remaining allegations against Mr. Craig do not state a claim on which relief can be granted. As a result, the Court should grant

---

[1]  In the alternative, Mr. Craig has moved for summary judgment. Defendant Craig's Dispositive Motion at pp. 1, 2, 8, 19. As discussed below, however, the motion to dismiss should be granted. *See infra* pp. 3-12. This ruling would moot the alternative request for summary judgment.

Mr. Craig's motion, dismissing the claims against this individual without prejudice and with leave to amend.

I.   FACTUAL BACKGROUND

Mr. Worthen suffers from diabetes and alleges that while incarcerated at Lexington Assessment and Reception Center ("LARC"), his diet has been inadequate and unsanitary. Complaint at pp. 2, 7-8. According to the Plaintiff, these deficiencies violate the Eighth Amendment and are attributable to Defendant Craig as superintendent of the food service unit at LARC. *Id.* at pp. 7-8; Plaintiff's Reply to Motion to Dismiss and/or for Summary Judgment and Brief in Support of Defendant, Harvey Craig at pp. 2-7, 9-15 (Dec. 28, 2004) ("Plaintiff's Response Brief"). Suing Mr. Craig in his personal and official capacities for violation of the Eighth Amendment,[2] Mr. Worthen seeks damages[3] and equitable relief.[4]

---

[2]   Complaint at p. 1; Plaintiff's Response Brief at p. 12.

[3]   In the complaint, Mr. Worthen does not specifically request damages. *See* Complaint at pp. 15-16 ("Request for Relief"). But after mentioning various remedies, Mr. Worthen asks for "[a]ll other [r]elief the Court deems just and necessary" for adjudication of the claims. *Id.* at p. 16. Liberally construed, these requests would encompass damages. *See Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003) (holding that a *pro se* prisoner's "prayer for 'such other relief'" should be read to include a request for nominal damages); *see also Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 808 (10th Cir. 1999) ("Although plaintiff's complaint does not include an express request for injunctive relief, a liberal construction of his allegations demonstrates a clear desire for injunctive relief."); *cf.* Fed. R. Civ. P. 54(c) (a judgment, other than one for default, "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings").

[4]   Complaint at pp. 15-16.

II.     THE OFFICIAL CAPACITY CLAIMS: ELEVENTH AMENDMENT IMMUNITY

The Plaintiff seeks an examination by an ophthalmologist, a permanent injunction to possess prescription sunglasses, implementation of a diet plan, updates to the prison law library, training for legal research, and damages.[5] Defendant Craig argues that Mr. Worthen's official capacity claims are foreclosed by the Eleventh Amendment. Defendant Craig's Dispositive Motion at pp. 8-9.[6] The undersigned agrees with respect to the claims for damages, updates to the prison law library, legal training for inmates, vision care, and replacement of sunglasses. But the claims relating to implementation of a diet plan do not implicate the Eleventh Amendment.

A.      Eleventh Amendment Immunity

The Eleventh Amendment bars suit in federal court against a State by citizens of another state or by the State's own citizens. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). When a suit names a state official as a defendant, the Eleventh Amendment still bars the action "if the state is the real substantial party in interest."

---

[5] Mr. Worthen also asks the Court to order compliance with the decree entered in *Battle v. Anderson* to provide training for inmate legal research assistants and updated legal materials. Complaint at p. 13. If the Plaintiff is an intended third-party beneficiary to the decree entered in *Battle v. Anderson*, he might have standing to enforce the terms of the decree. *See Floyd v. Ortiz*, 300 F.3d 1223, 1226 (10th Cir. 2002). But Mr. Worthen cannot obtain enforcement of the decree through a Section 1983 action. *See Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996) (holding that a Section 1983 action is not an appropriate means to seek enforcement of a consent decree).

[6] Mr. Craig also argues that the official capacity claims for money damages are barred under *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Defendant Craig's Dispositive Motion at pp. 7-8. But the Court need not address the applicability of *Will*, as the Eleventh Amendment forecloses these claims. *See infra* pp. 3-5.

*Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001). This determination turns on the type of relief sought by the plaintiff. *See id.*

      B.    <u>Retrospective Relief: The Official Capacity Claim for Damages</u>

In his official capacity, Mr. Craig is protected by the Eleventh Amendment on Mr. Worthen's claim for damages.

Remedies designed to compensate individuals for past violations or to indirectly encourage compliance with federal law through deterrence are considered "retrospective" and fall within the Eleventh Amendment. *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). This principle applies if the requested relief involves damages or an equivalent remedy which would result in fiscal consequences to the state treasury. *See id.* at 278.

An exception exists when Eleventh Amendment immunity has been waived by the state or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, the Eleventh Amendment forecloses a cause of action against Mr. Craig in federal court for monetary damages in his

official capacity. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 120 (1984). The Court should dismiss this claim without prejudice to refiling.[7]

      C.      Prospective Relief: The Official Capacity Claims for Equitable Relief

Some of the equitable claims against Mr. Craig implicate the Eleventh Amendment. But the amendment would not affect: (1) the official capacity claim for implementation of a diet plan, and (2) the individual capacity claim for damages.

Official capacity claims for equitable relief are not ordinarily subject to the Eleventh Amendment when they are prospective. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998). Prospective relief is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985). The distinction between "prospective" and "retrospective" relief turns primarily on whether the remedy is designed to prevent future harms, rather than past wrongs. *See Elephant Butte Irrigation District of New Mexico v. Department of the Interior*, 160 F.3d 602, 611 (10th Cir. 1998) ("The 'overriding question' is not whether the relief will require the payment of state funds, but whether the relief will 'remedy future rather than past wrongs.'" (citation omitted)). Thus, relief can be prospective even if it entails an ancillary

---

[7] Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court. *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980). Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

effect on the state treasury. *See Edelman v. Jordan*, 415 U.S. 651, 668 (1974); *see also Reames v. State of Oklahoma*, 411 F.3d 1164, 1167-68 (10th Cir. 2005).[8] But prospective equitable relief is available, notwithstanding the Eleventh Amendment, only when the state officer being sued has "'some connection' to the enforcement of the allegedly defective act." *Prairie Band Potawatomi Nation v. Wagnon*, 402 F.3d 1015, 1027 (10th Cir. 2005); *see also Ex parte Young*, 209 U.S. 123, 157 (1908).[9]

In part, the Plaintiff seeks updates to the prison law library, training for legal research, examination by an ophthalmologist, and replacement of his sunglasses. *See supra* p. 3. The Plaintiff does not suggest any connection between Mr. Craig and the issues involving the law library, legal training for inmates, vision care, or replacement of sunglasses. The result is

---

[8]    There the court stated:

> However, the possibility -- indeed, even the "inexorability" -- that a court's ruling may ultimately lead to the payment of state funds does not necessarily transmute the relief at issue into an impermissible award of damages. Nevertheless, if the relief sought only requires state expenditures pursuant to a court order requiring a change in state conduct, the Eleventh Amendment will not ordinarily preclude actions brought against the state.

*Reames v. State of Oklahoma*, 411 F.3d 1164, 1167 (10th Cir. 2005) (citation omitted).

[9]    In *Ex parte Young*, the Supreme Court stated:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Ex parte Young*, 209 U.S. at 157.

that these claims against Mr. Craig, in his official capacity, are foreclosed in federal court under the Eleventh Amendment.

In addition, Mr. Worthen has requested implementation of a diet plan. *See supra* p. 3. This request is prospective and bears at least "some connection" to Mr. Craig's duties. *See supra* p. 2. Accordingly, the Court should reject the Eleventh Amendment defense on the Plaintiff's claim for equitable relief involving a dietary plan. *See supra* p. 6.[10]

III.   THE PLAINTIFF'S EIGHTH AMENDMENT CLAIM

These recommendations would leave: (1) official capacity claims for equitable relief involving implementation of a diet plan, and (2) individual capacity claims for damages against Mr. Craig. *See supra* pp. 3-7. Defendant Craig has requested dismissal on the following grounds: (1) reasonableness of an infringement of the Plaintiff's right to a specific diet; (2) lack of specificity in the complaint; and (3) failure to allege personal participation. Defendant Craig's Dispositive Motion at pp. 9-11, 13-16.[11]   The Court should: (1) dismiss

---

[10]   Mr. Worthen asserts that Defendant Craig has waived any Eleventh Amendment immunity pursuant to the United States Supreme Court's holding in *Frew v. Hawkins*, 540 U.S. 431 (2004). Plaintiff's Response Brief at p. 9. In *Frew*, the petitioners argued that the State had waived its Eleventh Amendment immunity, but the Supreme Court expressly declined to address the argument. *Frew v. Hawkins*, 540 U.S. at 436-37. As a result, the decision cannot possibly be read to support Mr. Worthen's theory of waiver.

[11]   Mr. Craig also seeks dismissal or summary judgment on any alleged due process claim and on grounds of qualified immunity. Defendant Craig's Dispositive Motion at pp. 11-13, 16-19. The Court need not address these arguments. First, Mr. Worthen has not asserted a due process claim against Mr. Craig. *See* Plaintiff's Response Brief at p. 12 ("Proposition Three of the Complaint does not state a Due Process Claim, but one under the Eighth Amendment . . . ."). Second, the Court need not address the issue of qualified immunity in light of the necessity of dismissal on other grounds. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998) ("the better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff

the claims against Mr. Craig for failure to allege that he had personally participated in the alleged constitutional violations, and (2) reject Mr. Craig's remaining arguments. However, the dismissal should be without prejudice and with leave to amend Proposition Three of the complaint to allege personal participation.

    A.    <u>Standard for Dismissal</u>

Dismissal for failure to state a valid claim is proper only if "the plaintiff can prove no set of facts in support . . . that would entitle [him] to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). The well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A *pro se* complaint like Mr. Worthen's must be broadly construed under this standard. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

    B.    <u>Prison Policy Does Not Insulate the Alleged Conduct from Scrutiny Under the Eighth Amendment</u>

According to Defendant Craig, prison regulations on inmate diets are rationally related to legitimate budgetary and security concerns. Defendant Craig's Dispositive Motion at pp. 9-11. As a result, the Defendant argues that Mr. Worthen's Eighth Amendment claim withstands a constitutional challenge under *Turner v. Safley*, 482 U.S. 78 (1987). *Id.* The Court should reject this argument.

---

has alleged a deprivation of a constitutional right at all").

In *Turner*, inmates challenged the constitutionality of prison policies which implicated the plaintiffs' rights under the First and Fourteenth Amendments. *See Turner v. Safley*, 482 U.S. 78 (1987). In this context, the Supreme Court considered whether the prison regulations were "reasonably related to legitimate penological interests." *Id.* at 89. But the Supreme Court has "not used *Turner* to evaluate Eighth Amendment claims of cruel and unusual punishment in prison." *Johnson v. California*, ___ U.S. ____, 125 S. Ct. 1141, 1149 (2005). Rather than apply the *Turner* standard, the Court "judge[s] violations of [the] Eighth Amendment under the 'deliberate indifference' standard . . . ." *Id.* at 1149-50.

Defendant Craig's argument is based solely on the *Turner* standard. Because this standard does not apply to an Eighth Amendment claim, the Court should reject Mr. Craig's contention.

      C.      <u>The Amended Complaint Was Not Deficient for a Lack of Specificity</u>

In part, Mr. Craig urges dismissal of the complaint on grounds that Mr. Worthen had failed to plead the alleged violations with specificity. Defendant Craig's Dispositive Motion at p. 13. The Court should reject this argument.

Federal Rule of Civil Procedure 8(a)(2) requires only a short, plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This requirement is satisfied when a pleading gives a defendant fair notice of a plaintiff's claim and the grounds on which it rests. *See Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d

1383, 1386 (10th Cir. 1980) (Rule 8(a)(2) requires a complaint to give notice of the nature and basis of a plaintiff's claim and allow the defendant to form a responsive pleading).[12]

Mr. Worthen's allegations in the complaint must be broadly construed. *See supra* p. 8. There the Plaintiff listed numerous allegations relating to an insufficient diet and unsanitary conditions at LARC. Complaint at pp. 7-8. According to Mr. Worthen, these deficiencies caused gastrointestinal problems and low blood sugar. *Id.* at p. 8. Mr. Worthen has sufficiently identified the nature of his claims, and the Court should reject the Defendant's argument based on the absence of specificity in the complaint.

D. Dismissal for Failure to Allege Mr. Craig's Personal Participation

The Plaintiff failed to allege that Mr. Craig had personally participated in the underlying events.

Liability under Section 1983 cannot rest upon the doctrine of *respondeat superior*[13] or an individual's status as a supervisor.[14] Instead, to properly allege supervisory liability, the inmate must identify an "affirmative link" between the constitutional deprivation and the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *See Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997). This affirmative

---

[12] Mr. Craig labels this portion of his argument: "Civil Rights Violations Must Be Pled with Specificity." Defendant Craig's Dispositive Motion at p. 13. The label reflects the fundamental error in Mr. Craig's argument, as the Tenth Circuit expressly disavowed a heightened pleading requirement in *Currier v. Doren*, 242 F.3d 905, 912-17 (10th Cir. 2001).

[13] *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[14] *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).

link "must be alleged in the complaint . . . ." *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

In the complaint, Mr. Worthen listed numerous allegations relating to unsanitary conditions and an inadequate diet. Complaint at pp. 7-8; *see supra* p. 10. But Mr. Worthen failed to allege that Defendant Craig had personally participated in the violations. *See* Complaint at pp. 7-8.[15]

A similar issue arose in *Ayers v. Uphoff*, 1 Fed. Appx. 851 (10th Cir. Jan. 8, 2001) (unpublished op.). There a state prisoner sued in part for Eighth Amendment violations involving the failure to provide a special diet prescribed by a prison doctor. *See Ayers v. Uphoff*, 1 Fed. Appx. at 853-54. The Tenth Circuit Court of Appeals upheld an award of summary judgment for the defendants, in part because they could not be "liable for the actions of the kitchen staff in their capacities as prison supervisors." *Id.* at 855. The appeals court reasoned that there was no evidence of a defendant's direction or acquiescence "in the alleged failures of the kitchen staff . . . ." *Id.*

The same is true here, and Mr. Craig is entitled to dismissal under the reasoning in *Ayers v. Uphoff*. *See* Tenth Cir. R. 36.3(B). However, the Court should not rule out the possibility that Mr. Worthen could cure the defect. As a result, the dismissal of claims against Mr. Craig should be without prejudice and with leave to amend. *See Reynoldson v.*

---

[15] In response to the dispositive motion, the Plaintiff listed multiple examples of Defendant Craig's "actions/inactions". Plaintiff's Response Brief at p. 14. But the factual allegations asserted in the response brief do not substitute for allegations of personal participation in the complaint.

*Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").[16]

IV.   SUMMARY OF RECOMMENDATIONS

Defendant Craig is entitled to Eleventh Amendment immunity on the official capacity claims for damages and equitable relief involving eye-care, replacement of sunglasses, deficiencies in the law library, and inadequacies in legal training. The Court should dismiss the remaining claims for a failure to allege that Defendant Craig had personally participated in the constitutional violations. But the dismissal should be without prejudice and with leave to amend.

V.   NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by August 20, 2005. *See* W.D. Okla. Local Civil Rule 72.1(a). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.   STATUS OF REFERRAL

This report and recommendation would not terminate the referral.

---

[16]   Defendant Craig has also requested dismissal due to a lack of "intentional conduct." Defendant's Dispositive Motion at pp. 14-16. The Court need not address this contention.

Entered this 29th day of July, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge