IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SIDNEY ALLEN WORTHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-04-976-W |
| | ) |
| WILLIAM HULL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION
ON THE CLAIMS INVOLVING
MR. RICHARD KIRBY AND MR. RON WARD**

Plaintiff Sidney Worthen is a state prisoner and appears *pro se*, bringing the present action under 42 U.S.C. § 1983. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 Jury Trial Demanded by Judge or by Magistrate (Aug. 9, 2004) ("Complaint"). Defendants Richard Kirby and Ron Ward have moved for dismissal. Motion to Dismiss and/or for Summary Judgment and Brief in Support of Defendants, Richard Kirby and Ron Ward at pp. 1, 9, 11, 13, 14, 19 (Dec. 3, 2004) ("Dispositive Motion of Defendants Kirby and Ward").[1] These defendants are entitled to Eleventh Amendment immunity on the official capacity claims for damages, replacement of sunglasses, vision care, and implementation of a dietary plan. The Court should dismiss the remaining causes of action for failure to state a valid claim.

---

[1]   The two defendants alternatively seek summary judgment. Dispositive Motion of Defendants Kirby and Ward at pp. 1, 9, 14, 19. The Court need not address this part of the dispositive motion.

I.      FACTUAL BACKGROUND

On September 12, 2002, Mr. Worthen arrived at the Lexington Assessment and Reception Center ("LARC"). *See* Complaint at p. 2. Upon arrival, the Plaintiff was assigned to work as a legal research assistant in the LARC law library. *Id.* at p. 3. During the course of his employment, the Plaintiff allegedly discovered that: (1) the library was missing various publications, (2) authorities would only supply copies of the missing material if he was able to supply the citations, (3) library officials would not obtain materials prior to 1977 or outside of the Tenth Circuit, (4) training as a research assistant was inadequate, (5) access to the law library was inadequate, and (6) administrative costs were excessive. *Id.* at pp. 4, 9-15; Plaintiff's Reply to Motion to Dismiss and/or for Summary Judgment and Brief in Support of Defendants, Richard Kirby and Ron Ward at pp. 4-7, 11 (Dec. 28, 2004) ("Plaintiff's Response Brief"). According to the Plaintiff, these deficiencies violated his right of access to the courts and the decree in *Battle v. Anderson*, 376 F. Supp. 402 (E.D. Okla. 1974). Complaint at pp. 9-15; Plaintiff's Response Brief at pp. 2-7, 9-13.

In part, Mr. Worthen has sued Messrs. Richard Kirby and Ron Ward in their individual and official capacities. Complaint at p. 1. Mr. Worthen seeks damages[2] and equitable relief. *Id.* at pp. 15-16.

## II.   THE OFFICIAL CAPACITY CLAIMS: ELEVENTH AMENDMENT IMMUNITY

Mr. Worthen seeks damages, an examination by an ophthalmologist, a permanent injunction to possess prescription sunglasses, implementation of a diet plan, updates to the prison law library, and training for legal research.[3] Defendants Kirby and Ward argue that Mr. Worthen's official capacity claims are foreclosed by the Eleventh Amendment. Dispositive Motion of Defendants Kirby and Ward at pp. 9-10.[4] The undersigned agrees

---

[2]   In the complaint, Mr. Worthen does not specifically request damages. *See* Complaint at pp. 15-16 ("Request for Relief"). But after mentioning various remedies, he asks for "[a]ll other [r]elief the Court deems just and necessary" for adjudication of the claims. *Id.* at p. 16. Liberally construed, this request would encompass damages. *See Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003) (holding that a *pro se* prisoner's "prayer for 'such other relief'" should be read to include a request for nominal damages); *see also Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 808 (10th Cir. 1999) ("Although plaintiff's complaint does not include an express request for injunctive relief, a liberal construction of his allegations demonstrates a clear desire for injunctive relief."); *cf.* Fed. R. Civ. P. 54(c) (a judgment, other than one for default, "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings").

[3]   Mr. Worthen also requests the Court to order the Defendants to comply with *Battle v. Anderson* by updating legal materials and providing training for inmate legal research assistants. Complaint at p. 13. If the Plaintiff is an intended third-party beneficiary to the decree entered in *Battle v. Anderson*, he might have standing to enforce the decree. *See Floyd v. Ortiz*, 300 F.3d 1223, 1226 (10th Cir. 2002). But Mr. Worthen cannot obtain enforcement of the decree through a Section 1983 action. *See Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996) (holding "that a § 1983 action is not an appropriate means to seek enforcement of a consent decree" (citations omitted)).

[4]   Messrs. Kirby and Ward also argue that the official capacity claims for money damages are barred under *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Dispositive Motion of Defendants Kirby and Ward at pp. 8-9. But the Court need not address the applicability of *Will*, as the Eleventh Amendment forecloses these claims. *See infra* pp. 4-5.

with respect to the claims for damages and equitable relief involving vision care, possession of sunglasses, and implementation of a diet plan. But the Eleventh Amendment would not affect the requests, in the Defendants' official capacities, for updates to the prison law library and training for legal research.

### A. Eleventh Amendment Immunity

The Eleventh Amendment bars suit in federal court against a State by citizens of another state or by the State's own citizens. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). When a state official is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001). This determination turns on the type of relief sought by the plaintiff. *See id.*

### B. Retrospective Relief: The Claim for Damages

Remedies designed to compensate individuals for past violations or to indirectly encourage compliance with federal law through deterrence are considered "retrospective" and insufficient to overcome the dictates of the Eleventh Amendment. *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). This principle applies if the desired relief would involve damages or a remedy which would be tantamount to damages and entail fiscal consequences for the state treasury. *See id.* at 278.

An exception exists when Eleventh Amendment immunity has been waived by the state or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment

immunity. *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, the Eleventh Amendment forecloses any cause of action against Defendants Kirby and Ward for monetary damages in their official capacities. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 120 (1984). The Court should dismiss these claims without prejudice to refiling.[5]

    C.    <u>Prospective Relief: The Claims for Equitable Relief</u>

Mr. Worthen also seeks prospective equitable relief on the claims involving eye-care, sunglasses, and diet. *See supra* p. 3; *infra* p. 7. For these requests, Messrs. Kirby and Ward enjoy Eleventh Amendment immunity. But no such immunity exists on Mr. Worthen's other equitable claims against Mr. Kirby and Mr. Ward for legal training and improvements in the law library.

Official capacity claims for equitable relief are not ordinarily subject to the Eleventh Amendment when they are prospective. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998).

---

[5]    Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court. *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980). Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

Prospective relief is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985). The distinction between "prospective" and "retrospective" relief turns primarily on whether the remedy is designed to prevent future harms, rather than past wrongs. *See Elephant Butte Irrigation District of New Mexico v. Department of the Interior*, 160 F.3d 602, 611 (10th Cir. 1998) ("The 'overriding question' is not whether the relief will require the payment of state funds, but whether the relief will 'remedy future rather than past wrongs.'" (citation omitted)). Thus, relief can be "prospective" even if it entails an ancillary effect on the state treasury. *See Edelman v. Jordan*, 415 U.S. 651, 668 (1974); *see also Reames v. State of Oklahoma*, 411 F.3d 1164, 1167-68 (10th Cir. 2005).[6] But prospective equitable relief is available, notwithstanding the Eleventh Amendment, only when the state officer being sued has "'some connection' to the enforcement of the allegedly defective act." *Prairie Band Potawatomi Nation v. Wagnon*, 402 F.3d 1015, 1027 (10th Cir. 2005); *see also Ex parte Young*, 209 U.S. 123, 157 (1908).[7]

---

[6] There the court stated:

> However, the possibility -- indeed, even the "inexorability" -- that a court's ruling may ultimately lead to the payment of state funds does not necessarily transmute the relief at issue into an impermissible award of damages. Nevertheless, if the relief sought only requires state expenditures pursuant to a court order requiring a change in state conduct, the Eleventh Amendment will not ordinarily preclude actions brought against the state.

*Reames v. State of Oklahoma*, 411 F.3d 1164, 1167 (10th Cir. 2005) (citation omitted).

[7] In *Ex parte Young*, the Supreme Court stated:

In part, the Plaintiff seeks a permanent injunction to upgrade the prison law library and legal training for inmates. *See supra* p. 3. If Mr. Worthen can establish liability, the improvements in law library access and legal training would terminate ongoing violations of federal law and, if awarded, would vindicate the federal interest in assuring the supremacy of federal law. As a result, the requested relief is considered prospective, and the Court should reject the Eleventh Amendment defense on the Plaintiff's claim for these equitable remedies.[8]

In addition, the Plaintiff seeks examination by an ophthalmologist, return of his sunglasses, and implementation of a diet plan. *See supra* pp. 3, 5. The Plaintiff does not suggest any connection between Mr. Kirby or Mr. Ward and these issues. The result is that these claims against the two defendants are, in effect, claims against the State and are foreclosed in federal court under the Eleventh Amendment. *See supra* p. 6.

---

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Ex parte Young*, 209 U.S. at 157.

[8] Mr. Worthen asserts that Defendants Kirby and Ward have waived any Eleventh Amendment immunity pursuant to the United States Supreme Court's holding in *Frew v. Hawkins*, 540 U.S. 431 (2004). Plaintiff's Response Brief at p. 9. In *Frew*, the petitioners argued that the State had waived its Eleventh Amendment immunity, but the Supreme Court expressly declined to address the argument. *Frew v. Hawkins*, 540 U.S. at 436-37. As a result, the decision cannot possibly be read to support Mr. Worthen's theory of waiver.

III.    THE PLAINTIFF'S REMAINING CLAIMS

These recommendations would leave official capacity claims against Messrs. Kirby and Ward for: (1) equitable relief involving improvements in the law library and in legal training, and (2) individual capacity claims for damages. *See supra* pp. 3-7.

The Defendants have requested dismissal in part on grounds that the complaint does not include allegations of specific violations on their part or participation in the underlying events. Dispositive Motion of Defendants Kirby and Ward at pp. 10-14.[9] The Court should: (1) dismiss the claims against Defendants Kirby and Ward for failure to allege their personal participation in the constitutional violations, and (2) reject the remaining argument. However, the dismissal should be without prejudice and with leave to amend.

A.    <u>Standard for Dismissal</u>

Dismissal for failure to state a valid claim is proper only if "the plaintiff can prove no set of facts in support . . . that would entitle [him] to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). The well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A *pro se* complaint like Mr. Worthen's must be broadly construed under this standard. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

---

[9] The Defendants also seek dismissal on grounds that: (1) Mr. Worthen has had access to the courts, (2) there was no intentional misconduct, and (3) they are entitled to qualified immunity. Dispositive Motion of Defendants Kirby and Ward at pp. 12-19. The Court need not address these contentions.

B.  Mr. Worthen Has Alleged Specific Violations Against Messrs. Kirby and Ward

Defendants Kirby and Ward urge dismissal of the complaint on grounds that Mr. Worthen had failed to specifically plead violations on their part. Dispositive Motion of Defendants Kirby and Ward at pp. 10-11. The Court should reject this argument.

Specificity in the complaint is unnecessary, as Federal Rule of Civil Procedure 8(a)(2) requires only a short, plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This requirement is satisfied when a pleading gives a defendant fair notice of a plaintiff's claim and the grounds on which it rests. *See Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1386 (10th Cir. 1980) (Rule 8(a)(2) requires a complaint to give notice of the nature and basis of a plaintiff's claim and allow the defendant to form a responsive pleading).

Mr. Worthen's allegations in the complaint must be broadly construed. *See supra* p. 8. There the Plaintiff listed numerous allegations relating to inadequacies in the law library and in the legal training. Complaint at pp. 9-15. Mr. Worthen has sufficiently identified the nature of his claims, and the Court should reject the Defendants' argument that Mr. Worthen had failed to plead his allegations with specificity.

C.  Dismissal for Failure Allege Personal Participation

Defendants Kirby and Ward also request dismissal on grounds that the Plaintiff had failed to allege personal participation in the underlying events. Dispositive Motion of Defendants Kirby and Ward at pp. 11-12. The Court should grant the Defendants' request.

Liability under Section 1983 cannot rest upon the doctrine of *respondeat superior*[10] or an individual's status as a supervisor.[11] Instead, to establish supervisory liability, the inmate must link the constitutional deprivation to the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *See Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997). This link "must be alleged in the complaint . . . ." *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

In the complaint, Mr. Worthen asserted numerous allegations relating to: (1) absence of many publications in the LARC law library, (2) inadequate access to the law library and its materials, (3) inadequate training, and (4) excessive administrative costs. Complaint at pp. 9-15, *see supra* p. 2. But in the complaint, Mr. Worthen failed to allege facts indicating participation by Mr. Kirby or Mr. Ward. *See*, *e.g.*, *Florez v. Johnson*, 63 Fed. Appx. 432, 436 (10th Cir. Mar. 28, 2003) (unpublished op.).[12]

In response to the Defendants' dispositive motion, the Plaintiff stated that Defendant Kirby had:

---

[10]   *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[11]   *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).

[12]   In *Florez v. Johnson*, an inmate in a private prison sued the secretary of the state's department of corrections, claiming constitutional violations and invoking 42 U.S.C. § 1983. *See Florez v. Johnson*, 63 Fed. Appx. at 434. The federal court dismissed the causes of action for failure to state a valid claim. *See id.* The Tenth Circuit Court of Appeals upheld the dismissal, stating that the federal district court could have relied on the absence of a connection between the secretary of the corrections department and the alleged constitutional violations. *Id.*, 63 Fed. Appx. at 436. The federal appeals court explained: "If [the inmate] was . . . deprived of access to a prison law library, . . . it presumably would have been done by the prison warden or his staff -- not by . . . the Secretary of Corrections . . . ." *Id.* (citation omitted).

>allow[ed] his subordinates to interpret, creating more restrictive rules and regulations to OP-030115 entitled Access to Courts/Law Library than are present in the operational procedure allowing his subordinates to continue to deny Requested Legal Materials and not following the State's Agreement in ***Battles v. Anderson*** [and] Defendant Kirby made the decision not to furnish plaintiff herein with the case law presented to answer these Motions to Dismiss and/or Summary Judgment [and] Defendant Kirby has intentional [sic] via his subordinates failed to keep facility law libraries up-to-date, has created and adopted an EXACT CITE method to obtain case law and other legal materials, but has not provided any means to know what those cases [sic] cites are, or what the cases are about.

Plaintiff's Response Brief at pp. 2, 10, 11.  Similarly, the Plaintiff states in his response brief that "Defendant Ward in his obligation and authority as Director of the ODOC has duty to promulgate operational procedures and ensure his employees and staff are trained to adhere to these operational procedures as well as continue Settlement Agreements that were reached in Oklahoma Prison lawsuit **Battles v. Anderson**." *Id.* at p. 10.

The factual allegations asserted in the response brief do not substitute for allegations of personal participation in the complaint.[13]  In the complaint, Mr. Worthen did not allege any facts suggesting that Mr. Kirby or Mr. Ward had personally participated in the alleged constitutional violations.  As a result, the Court should dismiss the claims against these two

---

[13]     Mr. Worthen also attempted to fill in the omission by arguing in a brief that: (1) "Defendant Kirby ha[d] daily participation in the ODOC Legal Services Division as the administrator of that division, consulting with subordinates as to how to fulfill their jobs, making decisions as to how to fill Inmate Request for Legal Materials, creating customs and traditions within the legal services division office;" and (2) "Defendant Kirby direct[ed] and control[led] everything within the Legal Services Division . . . ."  Plaintiff's Response Brief at pp. 9-10.  But these allegations would not supply the required nexus between Defendant Kirby and the constitutional deprivations. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978); *see also Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976) (the supervisor must have "participated or acquiesced in the constitutional deprivations of which complaint is made").

11

men. However, the Court should not necessarily conclude that Mr. Worthen would be unable to allege personal involvement. As a result, the dismissal of claims against Messrs. Kirby and Ward should be without prejudice and with leave to amend. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").

IV.   SUMMARY OF RECOMMENDATIONS

Defendants Kirby and Ward are entitled to Eleventh Amendment immunity on the official capacity claims for damages and equitable relief involving vision care, return of the Plaintiff's sunglasses, and implementation of a diet plan. As a result, these claims should be dismissed. The Court should dismiss the remaining claims for failure to allege that Mr. Kirby or Mr. Ward had personally participated in the constitutional violations. But the dismissal should be without prejudice and with leave to amend.

V.   NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by August 19, 2005. *See* W.D. Okla. Local Civil Rule 72.1(a). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v.*

*Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.   STATUS OF REFERRAL

This report and recommendation would not terminate the referral.

Entered this 29th day of July, 2005.

Robert E. Bacharach
United States Magistrate Judge