IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SIDNEY ALLEN WORTHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-04-976-W |
| | ) |
| WILLIAM HULL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION ON
THE CLAIMS INVOLVING MS. LINDA HILL**

Plaintiff Sidney Worthen is a state prisoner and appears *pro se*, bringing the present action under 42 U.S.C. § 1983. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 Jury Trial Demanded by Judge or by Magistrate (Aug. 9, 2004) ("Complaint"). Defendant Linda Hill has moved for dismissal or summary judgment,[1] and the Court should: (1) dismiss without prejudice the official capacity claims for reimbursement under the Eleventh Amendment, (2) dismiss with prejudice the Plaintiff's due process theory in Ms. Hill's personal capacity for failure to state a claim, and (3) grant summary judgment in Ms. Hill's personal capacity on the Eighth Amendment claim. These rulings would leave intact the official capacity claim under the Eighth Amendment for replacement of the sunglasses.

---

[1] Motion to Dismiss and/or for Summary Judgment and Brief in Support of Defendant, Linda Hill at pp. 1, 7 (Dec. 3, 2004) ("Defendant Hill's Dispositive Motion").

I.  FACTUAL BACKGROUND

On September 12, 2002, Mr. Worthen arrived at the Lexington Assessment and Reception Center ("LARC").  *See* Complaint at p. 2.  That evening, Mr. Worthen realized that his prescription sunglasses and glass case were missing.  *See id.* at pp. 3, 6.  According to the Plaintiff, Defendant Hill had confiscated the items, believing them to be contraband.  *Id.* at pp. 2, 3, 6.  Mr. Worthen sought return of the items, but was informed that absent a prescription for tinted lenses, he could only buy solar shields from the canteen to meet his needs.  *See* Appendix to Complaint, Ex. DD (Aug. 17, 2004).  Ms. Hill donated the prescription sunglasses on October 24, 2002.  *See id.*, Ex. EE.  Mr. Worthen alleges that Ms. Hill had confiscated his sunglasses and glass case "without any authority any policy or procedure supporting such taking."  Complaint at p. 6.

Suing Ms. Hill in her personal and official capacities,[2] Mr. Worthen alleges due process and Eighth Amendment violations and seeks replacement or reimbursement of the sunglasses and glass case.[3]  The request for reimbursement is a legal remedy, and the request to replace the property is considered equitable.  *See Department of the Army v. Federal Labor Relations Authority*, 56 F.3d 273, 276 (D.C. Cir. 1995) (a request for reimbursement is properly characterized as a legal claim for money damages, and a request for "specific relief" is equitable in nature); *see also Reames v. State of Oklahoma*, 411 F.3d 1164, 1167

---

[2]   Complaint at p. 1.

[3]   Complaint at pp. 6, 15; Plaintiff's Reply to Motion to Dismiss and/or for Summary Judgment and Brief in Support of Defendant, Linda Hill at pp. 4, 11-13 (Dec. 28, 2004) ("Plaintiff's Response Brief").

(10th Cir. 2005) (an order for reimbursement would involve "retroactive benefits," triggering the Eleventh Amendment). The claim for reimbursement would implicate Defendant Hill's official and individual capacities, but the request for replacement of property would involve Defendant Hill only in her official capacity.[4]

## II.   THE OFFICIAL CAPACITY CLAIMS: ELEVENTH AMENDMENT IMMUNITY

Defendant Hill argues that Mr. Worthen's official capacity claims are foreclosed by the Eleventh Amendment. Dispositive Motion of Defendant Hill at pp. 7-8.[5] The undersigned agrees that the claim for reimbursement is akin to a claim for damages and would be considered retrospective relief, foreclosed by the Eleventh Amendment. But an order for replacement of the sunglasses would involve prospective equitable relief and would not be barred by the Eleventh Amendment.

### A.   Eleventh Amendment Immunity

The Eleventh Amendment prevents suit in federal court against a State by citizens of another state or by the State's own citizens. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). When a suit names a state official as a defendant, the

---

[4]   *See DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 718 (10th Cir. 1988) ("An action for injunctive relief no matter how it is phrased is against a defendant in official capacity only; plaintiff seeks to change the behavior of the governmental entity." (citation omitted)); *accord Fenner v. Suthers*, 194 F. Supp. 2d 1146, 1149 (D. Colo. 2002) ("plaintiff's complaint here seeks injunctive relief and is thus readily construed as a suit against defendants in their official capacities" (citation omitted)).

[5]   Ms. Hill also argues that the official capacity claims for money damages are barred under *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Dispositive Motion of Defendant Hill at pp. 6-7. But the Court need not address the applicability of *Will*, as the Eleventh Amendment forecloses these claims. *See infra* pp. 4-5.

Eleventh Amendment still bars the action "if the state is the real substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001). This determination turns on the type of relief sought by the plaintiff. *See id.*

B. Retrospective Relief: The Claim for Reimbursement

In her official capacity, Ms. Hill is protected by the Eleventh Amendment on the request for reimbursement.

Remedies designed to compensate individuals for past violations or to indirectly encourage compliance with federal law through deterrence are considered "retrospective" and fall within the Eleventh Amendment. *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). This principle applies if the relief sought involves damages or is tantamount to an award of damages which would result in fiscal consequences to the state treasury. *See id.* at 278. A claim for reimbursement is akin to a claim for damages and is properly characterized as one for retrospective relief. *See supra* pp. 2-3.

An exception exists when Eleventh Amendment immunity has been waived by the state or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, the Eleventh Amendment

forecloses any cause of action against Defendant Hill for reimbursement in her official capacity. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 120 (1984). The Court should dismiss this claim without prejudice to refiling.[6]

      C.      <u>Prospective Relief: The Claim for Replacement of Sunglasses</u>

As discussed above, Mr. Worthen has also requested an order for replacement of his sunglasses. *See supra* p. 2. This request does not fall within the Eleventh Amendment.

Official capacity claims for equitable relief are not subject to the Eleventh Amendment when they are prospective. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998). Prospective relief is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985). Relief can be prospective even if it entails an ancillary effect on the state treasury. *See Edelman v. Jordan*, 415 U.S. 651, 668 (1974); *see also Reames v. State of Oklahoma*, 41 F.3d 1164, 1167-68 (10th Cir. 2005).[7]

---

[6] Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court. *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980). Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

[7] There the court stated:

> However, the possibility -- indeed, even the "inexorability" -- that a court's ruling may ultimately lead to the payment of state funds does not necessarily transmute the relief at issue into an impermissible award of damages. Nevertheless, if the relief sought only requires state expenditures pursuant to a court order requiring a change

An order for replacement of the sunglasses would terminate the alleged ongoing violation of federal law and vindicate the federal interest in the supremacy of federal law. As a result, the requested order would be considered prospective, and the Court should reject the Eleventh Amendment defense on the Plaintiff's official capacity claim for replacement of the sunglasses.[8]

III.   THE PLAINTIFF'S REMAINING CLAIMS

The Eleventh Amendment would not affect Ms. Hill's status as a defendant on the individual capacity claims involving due process and Eighth Amendment violations and the official capacity request for replacement of the sunglasses. *See supra* pp. 3-6. The Court should dismiss the due process claims and grant summary judgment to Ms. Hill on the individual capacity claim under the Eighth Amendment. These rulings would leave intact the official capacity claim under the Eighth Amendment for replacement of the sunglasses.

   A.   Standard for Dismissal or Summary Judgment

Defendant Hill alternatively seeks dismissal or summary judgment. *See supra* p. 1.

---

in state conduct, the Eleventh Amendment will not ordinarily preclude actions brought against the state.

*Reames v. State of Oklahoma*, 411 F.3d 1164, 1167 (10th Cir. 2005) (citation omitted).

[8]   Mr. Worthen asserts that Defendant Hill has waived any Eleventh Amendment immunity under the United States Supreme Court's holding in *Frew v. Hawkins*, 540 U.S. 431 (2004). Plaintiff's Response Brief at p. 10. In *Frew*, the petitioners argued that the State had waived its Eleventh Amendment immunity, but the Supreme Court expressly declined to address the argument. *Frew v. Hawkins*, 540 U.S. at 436-37. As a result, the decision cannot possibly be read to support Mr. Worthen's theory of waiver.

Dismissal for failure to state a valid claim is proper only if "the plaintiff can prove no set of facts in support . . . that would entitle [him] to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). The well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A *pro se* complaint like Mr. Worthen's must be broadly construed under this standard. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When only one reasonable outcome exists, summary judgment is necessary. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

    B.    <u>The Plaintiff's Due Process Claim</u>

Mr. Worthen contends that confiscation of his sunglasses created a deprivation of due process. Complaint at p. 6; Plaintiff's Response Brief at pp. 4, 11-13; *see supra* p. 2. But the Court should dismiss this claim due to the absence of a protected liberty interest.

A due process violation cannot occur unless a prisoner has been deprived of a constitutionally protected liberty or property interest. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). In *Sandin v. Conner*, 515 U.S. 472 (1995), the United

States Supreme Court held that prison policies can create a liberty interest only if they "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

The parties disagree on whether prison policies entitled Mr. Worthen to possess the sunglasses in prison. *Compare* Defendant Hill's Dispositive Motion at pp. 3, 10-12), *with* Plaintiff's Response Brief at pp. 2, 4, 6, 10-12. But even if the Plaintiff were correct, the regulatory entitlement to sunglasses would not create a constitutionally protected interest.

A similar issue arose in *Cosco v. Uphoff*, 195 F.3d 1221 (10th Cir. 1999) (*per curiam*). There prison officials took personal property from eight inmates, and they claimed a deprivation of due process. *See Cosco v. Uphoff*, 195 F.3d at 1222. Invoking 42 U.S.C. § 1983, the prisoners asserted that prison regulations created a property interest in the right to keep the items in the cells. *See id.* at 1222-23. The Tenth Circuit Court of Appeals rejected the inmates' theory, stating:

> [The prisoners] claim in the case at hand that mandatory language in the regulations governing what the prisoners could keep in their cells created a property interest or entitlement and ensured them a continuation of the same interest absent due process. That is precisely the methodology rejected by the Supreme Court in *Sandin*. The regulation of type and quantity of individual possession in cells is typical of the kinds of prison conditions that the Court has declared to be subject to the new analysis set forth in *Sandin*.

*Id.* at 1224. According to the appeals court, the regulations did not present an "atypical, significant deprivation" for the creation of a constitutionally protected property interest. *Id.* (quoting *Sandin v. Conner*, 472 U.S. 486 (1986)).

Under *Cosco v. Uphoff*, Mr. Worthen's theory is invalid as a matter of law. According to the Plaintiff, administrative regulations entitled him to keep the sunglasses while in prison. Even if his reading of the regulations were correct, they would not create a constitutionally protected interest. As the *Cosco* court explained, regulation of the type of belongings in prison cells reflects a typical type of restraint imposed on the prison population. As a result, the Court should dismiss the due process theory for failure to state a valid claim. Because further amendment of the claim would be futile, the dismissal should be with prejudice. *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (because no amendment could cure the defect, the district court properly dismissed the complaint with prejudice).

      C.      The Plaintiff's Eighth Amendment Claim

According to the complaint, Ms. Hill's confiscation of sunglasses reflected deliberate indifference to Mr. Worthen's serious medical needs. Plaintiff's Response Brief at p. 13. The Defendant has requested dismissal or summary judgment, defending the confiscation as reasonable pursuant to prison policy. Defendant Hill's Dispositive Motion at pp. 9-10. As a result, the Defendant argues that Mr. Worthen's Eighth Amendment claim withstands a constitutional challenge under *Turner v. Safley*, 482 U.S. 78 (1987). *Id*. at pp. 9-10. The Court should reject this argument.

In *Turner*, inmates challenged the constitutionality of prison policies which implicated the plaintiffs' rights under the First and Fourteenth Amendments. *See Turner v. Safley*, 482 U.S. 78 (1987). In this context, the Supreme Court considered whether the prison regulations

9

were "reasonably related to legitimate penological interests." *Id.* at 89. But the Supreme Court has "not used *Turner* to evaluate Eighth Amendment claims of cruel and unusual punishment in prison." *Johnson v. California*, ___ U.S. ____, 125 S. Ct. 1141, 1149 (2005). Rather than apply the *Turner* standard, the Court "judge[s] violations of [the Eighth] Amendment under the 'deliberate indifference' standard . . . ." *Id.* at 1149-50.

Ms. Hill's argument is based solely on the *Turner* standard. Because this standard does not apply to an Eighth Amendment claim, the Court should reject Ms. Hill's contention.

IV.   QUALIFIED IMMUNITY

Defendant Hill also seeks summary judgment on grounds of qualified immunity. Defendant Hill's Dispositive Motion at pp. 13-17. In her personal capacity,[9] Ms. Hill is entitled to qualified immunity on the Eighth Amendment claim, entitling her to summary judgment.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation" if the alleged behavior did not violate clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The inquiry consists of two steps. The first one asks whether, taken in the light most favorable to the plaintiff, the alleged facts would reflect the violation of a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). If it would not, the analysis ends. *See id.*

---

[9]   Qualified immunity applies only to claims for monetary damages against a person in his individual capacity. *See Langley v. Adams County*, 987 F.2d 1473, 1477 (10th Cir. 1993).

Mr. Worthen alleges that Ms. Hill had acted with deliberate indifference to serious medical needs when she confiscated the sunglasses. *See supra* p. 9. In evaluating Ms. Hill's claim of qualified immunity, the Court should determine whether the alleged facts would reflect a violation of the Eighth Amendment. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The Eighth Amendment prohibits deliberate indifference to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A prison official violates the Eighth Amendment only when the deprivation had resulted from "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The official is guilty of "deliberate indifference" only if she has a "sufficiently culpable state of mind." *Id*.

The Plaintiff has not alleged facts which, if proven, would reflect deliberate indifference on the part of Ms. Hill. In his complaint, Mr. Worthen stated that Ms. Hill had confiscated his property based on a mistaken belief that it was contraband. Complaint at pp. 2, 6. And in his response brief, the Plaintiff attributes Defendant Hill's actions to her ignorance about a DOC policy which allowed for sunglasses in medically documented cases. Plaintiff's Response Brief at pp. 2, 4.

Mr. Worthen has alleged facts that would reflect mere negligence by Ms. Hill, which would be insufficient to establish an Eighth Amendment violation. *See Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999); *see also Verdecia v. Adams*, 327 F.3d 1171, 1175-76 (10th Cir. 2003) (rejecting an Eighth Amendment claim because

11

"[the plaintiff] must do more than establish that [the defendants] should have known of the risk of the harm"). The Plaintiff cannot meet his burden under the first portion of the two-pronged test for qualified immunity.[10] As a result, the Court should conclude that Defendant Hill, in her personal capacity, is entitled to qualified immunity on Mr. Worthen's Eighth Amendment claim.

V. SUMMARY OF RECOMMENDATIONS

Defendant Hill is entitled to Eleventh Amendment immunity on the official capacity claims for reimbursement. The Court should: (1) dismiss the remaining causes of action involving deprivation of due process, and (2) grant summary judgment to Ms. Hill, in her individual capacity, on the Eighth Amendment claims. *See Brandon v. Holt*, 469 U.S. 464, 473-74 (1985); *Moore v. City of Wynnewood*, 57 F.3d 924, 929 n. 4 (10th Cir. 1995).

---

[10] *See Smith v. Duncan*, 98 F.3d 1342, 1996 WL 583413, Westlaw op. at 2 (6th Cir. Oct. 9, 1996) (unpublished op.) (upholding dismissal of a claim against a prison optometrist, involving allegedly erroneous eyeglass prescriptions, based on the absence of facts reflecting deliberate indifference); *Hatch v. O'Leary*, 986 F.2d 1424, 1993 WL 53179, Westlaw op. at 1, 3 (7th Cir. Mar. 2, 1993) (unpublished op.) (upholding summary judgment for a prison nurse, who allegedly downplayed an inmate's complaint about his eyeglasses, because the allegedly erroneous advice did not reflect an intent to cause harm); *Davidson v. Scully*, 155 F. Supp. 2d 77, 89 (S.D. N.Y. 2001) ("Even if plaintiff establishes that defendants have been incompetent in the filling of his eyeglass prescriptions, medical malpractice does not establish deliberate indifference under the Eighth Amendment." (citation omitted)); *Koehl v. Dalsheim*, 1995 WL 331905, Westlaw op. at 3 (S.D. N.Y. June 5, 1995) (unpublished op.) (holding that "the taking of [a prisoner's] prescription sunglasses does not rise to the level of a constitutional violation," as it is "not so egregious as to constitute the 'wanton infliction of pain' or to be 'repugnant to the conscience of mankind'" (citation omitted)); *Jones v. Sheahan*, 1995 WL 88913, Westlaw op. at 3 (N.D. Ill. Mar. 2, 1995) (unpublished op.) (holding that an action based on an ophthalmologist's prescription for goggles and an eye patch, instead of tinted glasses, would not state a valid claim for constitutionally inadequate medical care).

With the suggested ruling, Mr. Worthen would continue to have an official capacity claim for replacement of the sunglasses based on a violation of the Eighth Amendment.[11]

## VI. NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by August 19, 2005. *See* W.D. Okla. Local Civil Rule 72.1(a). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## VII. STATUS OF REFERRAL

The referral is not terminated.

Entered this 29th day of July, 2005.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[11]  The Court is contemporaneously entering a show cause order on this theory.