**FILED**

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

SEP 1 3 2005

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ts_____ DEPUTY

| | | |
|---|---|---|
| SIDNEY A. WORTHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-04-976-W |
| | ) | |
| WILLIAM HULL et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On July 29, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended dismissal of all claims, save one, asserted by plaintiff Sidney A. Worthen, a state prisoner proceeding pro se, against defendant Linda Hill. Worthen was advised of his right to object to the Report and Recommendation, and he timely filed a Reply and Objection to the same.

Upon de novo review of the record, the Court concurs with Magistrate Bacharach's suggested disposition of the claims asserted against Hill in both her individual and official capacities that arise from Hill's confiscation in 2002 of Worthen's prescription sunglasses and blue plastic glasses case and subsequent "donation" of the same. Worthen has contended that Hill's seizure of these items violated his right to due process under the fourteenth amendment and his rights under the eighth amendment to the United States Constitution. He has sought reimbursement for the sunglasses and case, a legal remedy, or replacement of the same, an equitable remedy.

Worthen's constitutional claims against Hill in her official capacity as the property officer at Lexington Assessment and Reception Center that pray for reimbursement are

akin to claims for monetary damages. Such claims are foreclosed by the eleventh amendment to the United States Constitution, e.g., Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1998)(eleventh amendment bars federal court jurisdiction over state officer acting in her official capacity in suits for damages), and should be dismissed without prejudice.

Worthen's claims praying for replacement of the confiscated items–prospective equitable relief–are not subject to, or foreclosed by, the eleventh amendment. Thus, such claims against Hill in her official capacity for purposes of the instant Report and Recommendation and this Order survive the challenges advanced by Hill under the eleventh amendment.

As to the remaining claims asserted by Worthen, the Court finds first that Hill's confiscation of Worthen's sunglasses and case did not deprive Worthen of due process guaranteed by the fourteenth amendment since Worthen has no protected liberty or property interest in, or entitlement to, the possession of these items. E.g., Cosco v. Uphoff, 195 F.3d 1221 (10th Cir. 1999)(per curiam). Accordingly, Worthen's claims seeking relief against Hill in either capacity for a deprivation of due process should be dismissed with prejudice.

The Court further finds that Worthen's claims for reimbursement against Hill, individually, under the eighth amendment based upon her seizure of Worthen's sunglasses and case likewise fail. Worthen's allegations at most reflect negligence on Hill's part either because she mistakenly believed that the items were contraband, see Complaint at 2, ¶ 3, or because she was unaware of a Department of Corrections policy that Worthen has contended permits prisoners to possess eyeglasses with tinted lenses in certain situations.

A violation of the eighth amendment requires proof of deliberate indifference to a prisoner's serious medical needs, e.g., Estelle v. Gamble, 429 U.S. 97, 104-05 (1976), and absent allegations in this case of a "'sufficiently culpable state of mind,'" Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)), the Court finds Hill, individually, is qualifiedly immune from Worthen's eighth amendment claims seeking reimbursement since Worthen cannot establish that the events giving rise to such claims, taken in the light most favorable to him, violate a constitutional right.

Based upon the foregoing, the Court

(1) ADOPTS the Report and Recommendation filed on July 29, 2005;

(2) GRANTS Hill's Motion to Dismiss filed on December 3, 2004, to the extent that all claims against Hill in her official capacity that seek reimbursement for the seized items are DISMISSED without prejudice and all claims against Hill in either capacity that are based upon an alleged deprivation of Worthen's due process rights are DISMISSED with prejudice;

(3) GRANTS Hill's Motion for Summary Judgment likewise filed on December 3, 2004, to the extent Hill, individually, seeks summary adjudication of her entitlement to qualified immunity on Worthen's claims seeking reimbursement under the eighth amendment;

(4) DENIES Hill's motions to the extent that Worthen for purposes of this Report and Recommendation and Order may continue to assert a claim for replacement against Hill in her official capacity based upon a violation of his rights under the eighth amendment; and

(5) acknowledging that the Court's referral dated August 11, 2004, has not been terminated, RE-REFERS this matter to Magistrate Judge Bacharach for all purposes consistent with that referral, including consideration of Worthen's response to the Order to Show Cause issued by Magistrate Judge Bacharach on July 29, 2005.

ENTERED this  13th  day of September, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE