IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

SEP 1 3 2005

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____*65*_____ DEPUTY

SIDNEY ALLEN WORTHEN,                )
                                     )
                Plaintiff,           )
                                     )
vs.                                  )        No. CIV-04-976-W
                                     )
WILLIAM HULL et al.,                 )
                                     )
                Defendants.          )

## ORDER

On July 29, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation that addressed the claims asserted in this matter by plaintiff Sidney Allen Worthen, a state prisoner appearing pro se, against defendants Richard Kirby and Ron Ward. The parties were advised of their right to object to the Report and Recommendation, and Worthen timely filed a Reply and Objection[1] to the same.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of the claims asserted against these two defendants. At the time this action was filed, Worthen was incarcerated at Lexington Assessment and Reception Center ("LARC"), and he has alleged that upon his arrival at LARC, he was assigned to work as a legal research assistant in the LARC law library. He has contended that during the course of his employment, he discovered that the library lacked certain publications, that library officials would only supply copies of missing materials under

_____

[1]In reviewing Worthen's Reply and Objection, the Court has not considered Worthen's statements regarding his transfer to another facility and the effect, if any, his transfer has on the instant lawsuit.

The Court has likewise not considered the effect, if any, on this lawsuit of the resignation of Ward as Director of the Oklahoma Department of Corrections ("DOC"). Edward L. Evans has been named DOC Interim Director.

certain conditions and would not provide certain other legal materials, that inmate legal research training was inadequate, that access to the law library was restricted and that administrative costs were excessive. Worthen has claimed that these alleged deficiencies violate his constitutional right of meaningful access to the courts,[2] and he has sought equitable relief as well as "[a]ll other [r]elief the Court deems just and necessary," Complaint at 16, ¶ E(7), which the Court has construed as a request for legal relief or damages, from Kirby and Ward in their individual capacities and official capacities as General Counsel, Legal Services Division of the Oklahoma Department of Corrections ("DOC"), and DOC Director, respectively.

The Court finds first that Worthen's claims against both Kirby and Ward in their official capacities that pray for monetary relief are foreclosed by the eleventh amendment to the United States Constitution, e.g., Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1998)(eleventh amendment bars federal court jurisdiction over state officer acting in official capacity in suits for damages), and should be dismissed without prejudice to refiling.

The Court further finds that Worthen's claims against Kirby and Ward in their official capacities that seek certain equitable relief–adequate vision care, permanent possession of prescription sunglasses and implementation of a diet plan, are likewise barred by the eleventh amendment. Although official capacity claims for prospective equitable relief ordinarily are not subject to the eleventh amendment, id., such claims and prayers for relief

---

[2]Worthen has also complained that the defendants' actions violate the consent decree entered in Battle v. Anderson, 376 F. Supp. 402 (E.D. Okla. 1974). Without addressing whether Worthen has standing to enforce this decree, the Court finds the instant lawsuit is not the appropriate vehicle to seek the relief requested.

may only survive when the state officer named as defendant has "'some connection' to the enforcement of the allegedly defective act." <u>Prairie Band Potawatomi Nation v. Wagnon</u>, 402 F.3d 1015, 1027 (10th Cir. 2005). Worthen has failed to sufficiently allege that either Kirby or Ward, by virtue of his respective office, has a duty to, and/or is empowered to, provide the requested relief. Accordingly, the allegations in the complaint concerning diet, vision treatment and confiscated property and the causes of action based thereon against Kirby and Ward in their official capacities should be dismissed.[3]

As to Worthen's remaining claims against Kirby and Ward in their official capacities that involve prayers for improvements to inmate legal research training and to the law library, the Court finds such claims not only seek prospective equitable relief, but also have sufficient connection to Kirby and Ward and the official duties they perform. These claims therefore are not subject to, or barred by, the eleventh amendment.

To this end, the Court has considered whether Kirby and Ward in their individual capacities are entitled to dismissal of the remaining claims based upon one or more of the many grounds they have asserted. Because Worthen's failure to allege personal participation is dispositive, the Court has not addressed the alternate bases for dismissal cited by these two defendants.

To establish supervisory liability under title 42, section 1983 of the United States Code, a plaintiff must allege an "affirmative link" between the constitutional deprivations about which the plaintiff has complained and either the defendant's "'personal participation,

---

[3]For the same reasons, the Court finds to the extent such claims have been asserted against Kirby and Ward in their individual capacities, and seek either legal or equitable relief that these claims should likewise be dismissed.

. . . exercise of control or direction, or . . . failure to supervise.'" Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997)(quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988)).  The Court finds that Worthen has failed to sufficiently allege this "affirmative link" in connection with both Kirby and Ward, but further finds, as Magistrate Judge Bacharach has noted, that this deficiency may be cured as to one or both defendants by amendment of the complaint.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on July 29, 2005;

(2) GRANTS the Motion to Dismiss filed by Kirby and Ward on December 3, 2004, to the extent these two defendants in their official capacities are entitled to immunity under the eleventh amendment on all claims asserted by Worthen seeking legal relief and on those claims Worthen has asserted that seek equitable relief involving eye care and treatment, the return of seized property and diet and further, to the extent, if any, the latter are asserted against Kirby and Ward, individually, for failure to state actionable claims for relief and DISMISSES the same without prejudice;

(3) GRANTS the Motion to Dismiss filed by Kirby and Ward as to all remaining claims to the extent Worth has failed to allege an "affirmative link" between his constitutional claims and either Kirby or Ward and DISMISSES such claims without prejudice;

(4) but in so dong, GRANTS Worthen's Motion to Supplement Pleading-Complaint [Doc. 44] filed on September 6, 2005, to the extent that Worthen is hereby granted leave to amend his complaint within twenty (20) days as to these two defendants in accordance

4

with Magistrate Judge Bacharach's Report and Recommendation;[4]

(5) deems Moot the Motion for Summary Judgment likewise filed on December 3, 2004, by Kirby and Ward; and

(6) acknowledging that the Court's referral dated August 11, 2004, has not been terminated, RE-REFERS this matter to Magistrate Judge Bacharach for all purposes consistent with that referral, including consideration of the defendants' Motion to Continue Deadlines filed on September 7, 2005.

ENTERED this _13th_ day of September, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[4]Despite Worthen's assertions to the contrary, the Court finds amendment may be accomplished without discovery.