IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



SEP 1 3 2005

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____*bs*_____DEPUTY

| | | |
|---|---|---|
| SIDNEY ALLEN WORTHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-04-976-W |
| | ) | |
| WILLIAM HULL et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On July 29, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter that addressed the claims asserted by plaintiff Sidney Allen Worthen, a state prisoner appearing pro se, against defendant William Hull, O.D. The parties were advised of their right to object to the Report and Recommendation, and Worthen timely filed a Reply and Objection to the same.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of the claims asserted against this defendant. Worthen has sued Hull, individually and in his official capacity as an optometrist at the Lexington Assessment and Reception Center, and has alleged that Hull has violated his rights under the eighth amendment to the United States Constitution because Hull has been deliberately indifferent to Worthen's serious medical needs by failing to provide adequate vision care and treatment. Worthen has sought equitable relief as well as "[a]ll other [r]elief the Court deems just and necessary," Complaint at 16, ¶ E (7), which the Court has construed as a request for legal relief or damages.

The Court finds first that Worthen's eighth amendment claims against Hull in his official capacity that pray for monetary relief are foreclosed by the eleventh amendment to the United States Constitution, e.g., Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1998)(eleventh amendment bars federal court jurisdiction over state officer acting in official capacity in suits for damages), and should be dismissed without prejudice to refiling.

The Court further finds that Worthen's eighth amendment claims against Hull in his official capacity that seek certain prospective equitable relief–implementation of a diet plan, updates to the prison law library and inmate legal research training, are likewise barred by the eleventh amendment. Although official capacity claims for prospective equitable relief ordinarily are not subject to the eleventh amendment, id., such claims and prayers for relief may only survive when the state officer named as defendant has "'some connection' to the enforcement of the allegedly defective act." Prairie Band Potawatomi Nation v. Wagnon, 402 F.3d 1015, 1027 (10th Cir. 2005). Worthen has failed to sufficiently allege that Hull, by virtue of his office, has a duty to, and/or is empowered to, provide the requested relief. Accordingly, the allegations in the complaint concerning diet, the law library and inmate training and the causes of action based thereon against Hull in his official capacity should be dismissed.[1]

As to Worthen's remaining eighth amendment claims against Hull in his official capacity that involve prayers for replacement of Worthen's prescription sunglasses and for

---

[1]For the same reasons, the Court finds to the extent such claims have been asserted against Hull, individually, and seek either legal or equitable relief that these claims should likewise be dismissed.

an examination by an ophthalmologist, the Court finds such claims not only seek prospective equitable relief, but also have sufficient connection to Hull and the official duties he performs.  These claims therefore are not subject to, or barred by, the eleventh amendment.

To this end, the Court has considered whether Hull is entitled to summary judgment on these remaining claims.  A violation of the eighth amendment requires proof of deliberate indifference to a prisoner's serious medical needs.  E.g., Estelle v. Gamble, 429 U.S. 97, 104-07 (1976)(deliberate indifference requires more than mere medical negligence).

In his complaint, Worthen has alleged that Hull knew that Worthen had a medical need for sunglasses, that Worthen's prescription sunglasses had been confiscated and subsequently "donated" and that the solar shields he had approved and Worthen had purchased did not fit.  Complaint at 4-5.  The evidence shows that Hull knew that Worthen needed protective eyewear because Hull himself had reported that "[d]ue to medical reasons . . . [Worthen] should be allowed to wear [s]olar [s]hields . . . ."  The evidence further shows that Worthen filed a grievance report and complained about the fit of the solar shields.

Worthen's allegations and evidence however do not show that Hull actually knew about the alleged inadequate fit of the solar shields or, even assuming that he did know, that the alleged inadequacy of the solar shields posed "an excessive risk to . . . [Worthen's] health or safety[,]" Farmer v. Brennan, 511 U.S. 825, 837 (1994), and that Hull nevertheless disregarded that risk.  Allegations of a defendant's negligence or medical incompetence are not enough.  Absent evidence of a "'sufficiently culpable state of mind,'"

id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)), the Court finds Hull is entitled to summary adjudication of Worthen's claims under the eighth amendment based upon Hull's decisions regarding Worthen's prescription eyewear, including Hull's continued insistence that solar shields met Worthen's medical needs.

The Court has also reviewed Worthen's claims under the eighth amendment that challenge Hull's actions regarding Worthen's glaucoma treatment and requests for treatment by an ophthalmologist.  The evidence demonstrates that Hull disagreed with the diagnosis of another health care provider and that individual's recommendation that Worthen be reexamined at the Dean McGee Eye Institute.   The evidence further demonstrates that Hull believed that additional glaucoma testing was not then needed, but that he instead intended to monitor Worthen's glaucoma every three months. Worthen has complained that Hull was careless by failing provide follow-up care and monitoring and that Hull erred in his determination that treatment by an ophthalmologist was unwarranted.

As stated, "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a [claim under the eighth amendment] . . . ." Perkins v. Kansas Department of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)(citation omitted).  "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Id. (citations omitted). Accordingly, Hull, individually and in his official capacity, is entitled to summary judgment on these remaining claims.

Based upon the foregoing, the Court

(1) ADOPTS the Report and Recommendation issued on July 29, 2005;

(2) GRANTS Hull's Motion to Dismiss filed on December 3, 2004, to the extent Hull

in his official capacity is entitled to immunity under the eleventh amendment on all claims asserted by Worthen seeking legal relief and those claims Worthen has asserted that seek equitable relief involving a diet plan, the prison law library and inmate legal research training and to the extent, if any, the latter are asserted against Hull, individually, for failure to state actionable claims for relief and DISMISSES such claims without prejudice; and

(3) GRANTS Hull's Motion for Summary Judgment likewise filed on December 3, 2004, to the extent Hull, individually and in his official capacity, is entitled to summary judgment on all remaining claims.

ENTERED this _13ᵈ_ day of September, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE