IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

SEP 1 3 2005

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

SIDNEY ALLEN WORTHEN, )
                                  )
        Plaintiff,    )
                                  )
vs.                            )   No. CIV-04-976-W
                                  )
WILLIAM HULL et al., )
                                  )
       Defendants.  )

## ORDER

On July 29, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation that addressed the claims asserted by plaintiff Sidney Allen Worthen, a state prisoner appearing pro se, against defendant Harvey Craig. The parties were advised of their right to object to the Report and Recommendation, and Worthen timely filed a Reply and Objection[1] to the same.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of the claims asserted against this defendant. At the time this action was filed, Worthen was incarcerated at Lexington Assessment and Reception Center ("LARC"), and he has alleged that Craig, individually and in his official capacity as superintendent of the LARC food service unit, violated his rights under the eighth amendment to the United States Constitution by providing a diet that was inadequate and unsanitary. Worthen has sought equitable relief as well as "[a]ll other [r]elief the Court deems just and necessary," Complaint at 16, ¶ E(7), which the Court has

---

[1] In reviewing Worthen's Reply and Objection, the Court has not considered Worthen's statements regarding his transfer to another facility and the effect, if any, a transfer has on the instant lawsuit.

construed as a request for legal relief or damages.

The Court finds first that Worthen's eighth amendment claims against Craig in his official capacity that pray for monetary relief are foreclosed by the eleventh amendment to the United States Constitution, e.g., Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1998)(eleventh amendment bars federal court jurisdiction over state officer acting in official capacity in suits for damages), and should be dismissed without prejudice to refiling.

The Court finds further that Worthen's eighth amendment claims against Craig in his official capacity that seek certain prospective relief–updates to the prison law library, inmate legal research training, examination by an ophthalmologist and replacement of a pair of prescription sunglasses, are likewise barred by the eleventh amendment. Although official capacity claims for prospective equitable relief ordinarily are not subject to the eleventh amendment, id., such claims and prayers for relief may only survive when the state officer named as defendant has "'some connection' to the enforcement of the allegedly defective act." Prairie Band Potawatomi Nation v. Wagnon, 402 F.3d 1015, 1027 (10th Cir. 2005). Worthen has failed to sufficiently allege that Craig, by virtue of his office, has a duty to, and/or is empowered to, provide the relief requested. Accordingly, these claims and the allegations concerning the prison law library, inmate training, eye examinations and replacement of seized property, should be dismissed without prejudice to refiling.[2]

---

[2]For the same reasons, the Court finds to the extent, if any, such claims have been asserted against Craig, individually, and seek legal or equitable relief that these claims should likewise dismissed.

As to Worthen's remaining eighth amendment claims against Craig in his official capacity involving the implementation of a diet plan, the Court finds such claims not only seek prospective equitable relief, but also have sufficient connection to Craig and the official duties he performs. These claims therefore are not subject to, or barred by, the eleventh amendment.

To this end, the Court has considered whether Craig is entitled to dismissal of these remaining claims based upon one or more of the many grounds he has asserted. The Court finds no merit to the arguments Craig has advanced regarding the application of Turner v. Safley, 482 U.S. 78 (1987), to Worthen's claims and the alleged absence of specificity in the complaint. The Court does however agree that Worthen has failed to sufficiently allege for purposes of supervisory liability under title 42, section 1983 of the United States Code an "affirmative link" between the constitutional deprivations about which he has complained and either Craig's "'personal participation, his exercise of control or direction, or his failure to supervise.'" Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997)(quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988)). The Court further finds, as Magistrate Judge Bacharach has noted, that this deficiency may be cured by amendment of the complaint and that Worthen should be permitted the opportunity to amend his pleading as to this defendant.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on July 29, 2005;

(2) GRANTS Craig's Motion to Dismiss filed on December 3, 2004, to the extent Craig in his official capacity is entitled to immunity under the eleventh amendment on all claims asserted by Worthen seeking legal relief and on those claims Worthen has asserted

that seek equitable relief involving eye care and treatment, replacement of confiscated property, the prison law library and inmate training and to the extent, if any, the latter are asserted against Craig, individually, for failure to state actionable claims for relief and DISMISSES the same without prejudice;

(3) GRANTS Craig's Motion to Dismiss as to all remaining claims to the extent Worthen has failed to allege an "affirmative link" between his eighth amendment claims and Craig as a prison supervisor and DISMISSES such claims without prejudice;

(4) but in so doing, GRANTS Worthen's Motion to Supplement Pleadings-Complaint [Doc. 48] filed on September 6, 2005, to the extent Worthen is hereby granted leave to amend his complaint within twenty (20) days as to this defendant in accordance with Magistrate Judge Bacharach's Report and Recommendation;[3]

(5) deems MOOT Craig's Motion for Summary Judgment likewise filed on December 3, 2004; and

(6) acknowledging that the Court's referral dated August 11, 2004, has not been terminated, RE-REFERS this matter to Magistrate Judge Bacharach for all purposes consistent with that referral, including consideration of the defendants' Motion to Continue Deadlines filed on September 7, 2005.

ENTERED this 13th day of September, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[3] Despite Worthen's assertions to the contrary, the Court finds that amendment can be accomplished without discovery.

4