IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SIDNEY ALLEN WORTHEN,                )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No. CIV-04-976-W
                                     )
WILLIAM HULL, *et al.*,              )
                                     )
            Defendants.              )

**REPORT AND RECOMMENDATION
ON THE CLAIMS INVOLVING
MESSRS. RICHARD KIRBY AND RON WARD**

Plaintiff Sidney Worthen is a state prisoner and appears *pro se*, bringing the present action under 42 U.S.C. § 1983. First Amended Complaint, Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 Jury Trial Demanded by Judge or by Magistrate (Oct. 20, 2005) (Doc. 61) ("Amended Complaint"). Defendants Richard Kirby and Ron Ward move for dismissal or summary judgment on all claims. Motion to Dismiss and/or for Summary Judgment and Brief in Support of Defendants, Richard Kirby and Ron Ward (Jan. 11, 2006) (Doc. 71) ("Dispositive Motion of Defendants Kirby and Ward"). For Defendant Kirby, the Court should:

- hold that the Eleventh Amendment forecloses the official capacity claims for damages and the remaining claims for equitable relief involving vision care, possession of sunglasses, training for the facility optometrist, implementation of a diet plan, and employment of a dietician,

- grant summary judgment on the claim involving denial of access to the courts through a selective denial of materials, and

- dismiss the remaining theories involving denial of access to the courts for failure to state a valid claim.

For Defendant Ward, the Court should:

- hold that the Eleventh Amendment precludes the official capacity claims for damages,

- grant summary judgment on the claim involving denial of access to the courts through a selective denial of materials,

- dismiss the remaining theories involving denial of access to the courts for failure to state a valid claim, and

- dismiss the theories involving a failure to train prison employees regarding a particular policy and supervisory liability based on those employees' failure to follow the policy.

These rulings would leave intact a claim against Mr. Ward in his official and individual capacities for failure to hire a licensed dietician.

I.    FACTUAL BACKGROUND

On September 12, 2002, Mr. Worthen arrived at the Lexington Assessment and Reception Center ("LARC").  *See* Amended Complaint at p. 2.  Upon arrival, the Plaintiff became a legal research assistant in the LARC law library.  *See id.* at p. 3.  During the course of his employment, the Plaintiff allegedly discovered that:

- the library was missing various publications,

- authorities would only supply copies of the missing material if he could supply the citations,

- library officials would not obtain materials prior to 1977 or outside of the Tenth Circuit,

- training as a research assistant was inadequate,

- access to the law library was inadequate, and

- administrative costs were excessive.

*Id.* at pp. 4, 9-15.  According to the Plaintiff, these deficiencies violated his right of access to the courts and the decree in *Battle v. Anderson*, 376 F. Supp. 402 (E.D. Okla. 1974).  *Id.* at pp. 9-15.

Mr. Worthen alleges that Messrs. Kirby and Ward are liable for these deficiencies and that Defendant Ward:

- had failed to train prison employees regarding a particular policy,

- had incurred liability or the failure of these employees to follow the policy, and

- had failed to hire a licensed dietician.

*Id.* at pp. 5A, 6A, 8B.

The Plaintiff has sued Messrs. Kirby and Ward in their individual and official capacities,[1] seeking damages[2] and equitable relief.[3] The claims for damages would implicate the Defendants in their official and individual capacities, but the request for equitable relief would involve only the Defendants' official capacities.[4]

## II.   THE OFFICIAL CAPACITY CLAIMS: ELEVENTH AMENDMENT IMMUNITY

Mr. Worthen seeks damages and equitable relief involving examination by an ophthalmologist, supply of prescription sunglasses, training for the facility optometrist, implementation of a diet plan, employment of a dietician, updates to the prison law library, and training for legal research. *Id.* at pp. 15-16.[5] Defendants Kirby and Ward argue that Mr.

---

[1]   Amended Complaint at p. 1.

[2]   In the amended complaint, Mr. Worthen does not specifically request damages. *See* Amended Complaint at pp. 15-16 ("Request for Relief"). But after mentioning various remedies, he asks for "[a]ll other [r]elief the Court deems just and necessary" for adjudication of the claims. *Id.* at p. 16. Liberally construed, this request would encompass damages. *See Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003) (holding that a *pro se* inmate's "prayer for 'such other relief'" should be read to include a request for nominal damages); *see also Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 808 (10th Cir. 1999) ("Although plaintiff's complaint does not include an express request for injunctive relief, a liberal construction of his allegations demonstrates a clear desire for injunctive relief."); *cf.* Fed. R. Civ. P. 54(c) (a judgment, other than one for default, "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings").

[3]   Amended Complaint at pp. 15-16.

[4]   *See DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 718 (10th Cir. 1988) ("An action for injunctive relief no matter how it is phrased is against a defendant in official capacity only; plaintiff seeks to change the behavior of the governmental entity." (citation omitted)); *accord Fenner v. Suthers*, 194 F. Supp. 2d 1146, 1149 (D. Colo. 2002) ("plaintiff's complaint here seeks injunctive relief and is thus readily construed as a suit against defendants in their official capacities" (citation omitted)).

[5]   Mr. Worthen also asks the Court to order compliance with *Battle v. Anderson* through an order requiring updates in the supply of legal materials and training for inmate legal research

Worthen's official capacity claims are foreclosed by the Eleventh Amendment. Dispositive Motion of Defendants Kirby and Ward at p. 11.

For Mr. Kirby, the undersigned agrees with respect to the claims for damages and equitable relief involving vision care, supply of sunglasses, training for the facility optometrist, implementation of a diet plan, and employment of a dietician. But the Eleventh Amendment would not affect the requests, in Defendant Kirby's official capacity, for updates to the prison law library and training for legal research.

Defendant Ward is entitled to Eleventh Amendment immunity on the claims for damages. But the Eleventh Amendment would not affect the official capacity claims against Defendant Ward for vision care, supply of sunglasses, training for the facility optometrist, implementation of a diet plan, hiring of a dietician, updates to the prison law library, and training for legal research.

A.    Eleventh Amendment Immunity

The Eleventh Amendment bars suit in federal court against a State by citizens of another state or by the State's own citizens. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). When a state official is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real substantial party in

---

assistants. Amended Complaint at pp. 12C, 13-15. If the Plaintiff were an intended third-party beneficiary to the decree in *Battle v. Anderson*, he might have standing. *See Floyd v. Ortiz*, 300 F.3d 1223, 1226 (10th Cir. 2002). But Mr. Worthen cannot obtain enforcement of the decree through a Section 1983 action. *See Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996) (holding "that a § 1983 action is not an appropriate means to seek enforcement of a consent decree" (citations omitted)).

interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).  This determination turns on the type of relief sought by the plaintiff.  *See id.*  Ordinarily a retrospective award against a state official is barred by the Eleventh Amendment and a prospective equitable remedy is not.  *See*, *e.g.*, *id.*; *see also infra* p. 8 (discussing the general inapplicability of the Eleventh Amendment to claims for prospective equitable relief).

   B. <u>Retrospective Relief: The Claim for Damages</u>

  Remedies are considered "retrospective" when they are designed to compensate individuals for past violations or to indirectly encourage compliance with federal law through deterrence.  *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986).  This principle applies if the desired relief would involve damages or a remedy which would be tantamount to damages and entail fiscal consequences for the state treasury.  *See id.* at 278.

  An exception exists when Eleventh Amendment immunity has been waived by the state or abrogated by Congress.  *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003).  But the State of Oklahoma has not waived its Eleventh Amendment immunity.  *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution").  And Congress

did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, the Eleventh Amendment forecloses any cause of action against Defendants Kirby and Ward for monetary damages in their official capacities. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984). The Court should dismiss these claims without prejudice to refiling.[6]

C.    Prospective Relief: The Claims for Equitable Relief

Mr. Worthen also seeks prospective equitable relief on the claims involving vision care, sunglasses, training for the facility optometrist, implementation of a diet plan, employment of a dietician, updates to the prison law library, and legal research training. *See supra* pp. 4-5. Defendant Kirby enjoys Eleventh Amendment immunity on the requests involving:

- vision care,

- sunglasses,

- training for the facility optometrist,

- implementation of a diet plan, and

- hiring of a dietician.

---

[6]    Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court. *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980). Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

But Mr. Ward does not enjoy Eleventh Amendment immunity on any of the equitable claims.

Official capacity claims for equitable relief are not ordinarily subject to the Eleventh Amendment when they are prospective.  *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998); *see also supra* p. 6.  Prospective relief is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985).

Relief can be "prospective" even if it entails an ancillary effect on the state treasury. *See Edelman v. Jordan*, 415 U.S. 651, 668 (1974); *see also Reames v. State*, 411 F.3d 1164, 1167-68 (10th Cir. 2005).[7]  But prospective equitable relief is available, notwithstanding the Eleventh Amendment, only when the state officer being sued bears "'some connection' to the enforcement of the allegedly defective act." *Worthen v. Hull*, 2005 WL 2218434, Westlaw op. at 1 (W.D. Okla. Sept. 13, 2005) (West. J.) (citing *Prairie Band Potawatomi*

---

[7]      In *Reames v. State*, the court wrote:

> However, the possibility -- indeed, even the "inexorability" -- that a court's ruling may ultimately lead to the payment of state funds does not necessarily transmute the relief at issue into an impermissible award of damages.  Nevertheless, if the relief sought only requires state expenditures pursuant to a court order requiring a change in state conduct, the Eleventh Amendment will not ordinarily preclude actions brought against the state.

*Reames v. State*, 411 F.3d 1164, 1167 (10th Cir. 2005) (footnote & citation omitted).

*Nation v. Wagnon*, 402 F.3d 1015, 1027 (10th Cir. 2005)); *see also Ex parte Young*, 209 U.S. 123, 157 (1908).[8]

The Plaintiff seeks examination by an ophthalmologist, a return of his prescription sunglasses, training for the facility optometrist, implementation of a diet plan, the hiring of a dietician, upgrades in the prison law library, and legal training for inmates.  *See supra* pp. 4-5.  If Mr. Worthen can establish liability, the requested relief would terminate ongoing violations of federal law and, if awarded, would vindicate the federal interest in assuring the supremacy of federal law.  As a result, the requested relief is considered prospective and, as a general rule, would fall outside of the Eleventh Amendment.  *See supra* pp. 6, 8.  But if the Plaintiff fails to suggest a connection between a particular defendant and the underlying act, the claim would be unavailable in federal court under the Eleventh Amendment.  *See supra* pp. 8-9.

The requested relief is prospective and the Plaintiff has asserted a connection between Mr. Ward and the alleged acts.  As a result, the Court should reject Mr. Ward's reliance on the Eleventh Amendment with respect to the equitable claims.

---

[8]     In *Ex parte Young*, the Supreme Court stated:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Ex parte Young*, 209 U.S. at 157.

For the same reasons, the Court should reject the Eleventh Amendment defense asserted by Mr. Kirby regarding the claims for legal research training and updates to the prison law library.

But Mr. Worthen does not suggest any connection between Mr. Kirby and the issues involving vision care, possession of sunglasses, training for the facility optometrist, implementation of a diet plan, or hiring of a dietician. These claims are effectively asserted against the State and are foreclosed by the Eleventh Amendment. *See supra* pp. 8-9.

These recommendations would leave:

- individual capacity claims against Messrs. Kirby and Ward for damages,

- official capacity claims against Mr. Kirby for equitable relief involving improvements in the law library and legal training, and

- official capacity claims against Mr. Ward for equitable relief.

## III.   ACCESS TO THE COURTS

Mr. Worthen asserts five theories against Messrs. Kirby and Ward for denial of court access:

- an inability to obtain legal materials,

- inadequate training as a research assistant,

- restricted access to the law library,

- excessive administrative costs, and

- supervisory liability for employees' actions which resulted in an inability to access the courts.

Amended Complaint at pp. 9-12C.

The Defendants have not separately addressed Mr. Worthen's claims involving court access.  Citing a lack of actual injury, however, the Defendants move for summary judgment or dismissal on all of the Plaintiff's theories.  Dispositive Motion of Defendants Kirby and Ward at pp. 5-7.  The Court should:

- grant summary judgment on the claim involving an inability to obtain legal materials and

- dismiss the remaining claims.

A.      Standard for Dismissal/Summary Judgment

On the filing of a motion, the Court must dismiss complaints that fail to state a claim on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Dismissal for failure to state a valid claim is proper only if "the plaintiff can prove no set of facts in support . . . that would entitle [him] to relief."  *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995).  The well-pleaded factual allegations in the amended complaint must be accepted as true and construed in the light most favorable to the plaintiff.  *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).  A *pro se* complaint like Mr. Worthen's must be broadly construed under this standard.  *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When only one reasonable outcome exists,

summary judgment is necessary.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986).

      B.    <u>An Inmate's Right to Court Access: The Necessity of Actual Injury</u>

      When claiming denial of court access, the plaintiff must show "actual injury:"

> Because *Bounds* did not create an abstract, freestanding right to a law
> library or legal assistance, an inmate cannot establish relevant actual injury
> simply by establishing that his prison's law library or legal assistance program
> is subpar in some theoretical sense. . . . [T]he inmate therefore must go one
> step further and demonstrate that the alleged shortcomings in the library or
> legal assistance program hindered his efforts to pursue a legal claim.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996).

      C.    <u>Mr. Worthen Has Not Created a Genuine Issue of Material Fact Regarding an
Actual Injury</u>

      Mr. Worthen alleges denial of meaningful access to the courts because prison officials

had selectively denied requests for legal materials, disallowed adequate access to the law

library, and imposed excessive administrative costs.  Amended Complaint at pp. 4, 9-15.

Defendants Kirby and Ward are entitled to summary judgment on the claim involving a

selective denial of materials and the Court should dismiss the other theories for failure to

state a valid claim.

      <u>Mr. Worthen's Claim Concerning an Inability to Obtain Legal Materials</u>

      The undisputed evidence reveals that the LARC law library does not contain a

complete and updated hard copy of case and statute books.[9]  But an inmate may request

---

[9]    *See* Appendix to Complaint, Exh. X (Aug. 17, 2004) ("Appendix, Vol. I") (Doc. 7);
Appendix to Complaint-Volume Two in Reply to Defendant's Summary Judgment & Motions to

unavailable materials by completing a form entitled "Inmate Request for Legal Materials."

Appendix, Vol. I, Exh. BB, Department of Corrections Policy OP-030115, Attachment B.

According to the Petitioner, prison officials violated the policy, which denied him

meaningful court access by selectively restricting access to various legal materials.  Amended

Complaint at pp. 9-12C.[10]  Mr. Worthen claims that prison officials had denied requests

which lacked an exact citation, predated 1977, or involved cases outside of the Tenth Circuit.

*Id.*

Mr. Worthen submitted multiple requests for legal materials.  *See* Appendix, Vol. I,

Exhs. W, CC; Appendix, Vol. II, Exhs. HHH, III.  For these requests, the Plaintiff's evidence

reveals:

- none was denied for failure to provide an exact case citation or the date of the material[11] and

- only one request was denied because it involved material outside of the Tenth Circuit.

---

Dismiss Along with Special Report and Defendants' Joint Response to Plaintiff's Motion for Class Action Certification of "Claims IV and V" of the "Complaint," Exh. GGG (Dec. 28, 2004) (Doc. 31) ("Appendix, Vol. II"); Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Attachment 17 (Dec. 3, 2004) (Doc. 15).

[10]     Mr. Worthen also alleges that OP-030115 "is itself unconstitutional."  Amended Complaint at p. 12A.  But this claim is unsupported by any factual allegations.

[11]     The record contains two requests for legal materials, which officials denied because the requested materials had predated 1977.  *See* Appendix, Vol. I, Exh. W; Appendix, Vol. II, Exh. III at p. 1.  But other inmates had made the requests, and Mr. Worthen lacks standing to challenge the denial of these materials.  *See White v. State*, 157 F.3d 1226, 1231 (10th Cir. 1998).

*See* Appendix, Vol. I, Exhs. W, CC; Appendix, Vol. II, Exhs. HHH, III.  For the single denial

of an authority, Mr. Worthen lacks evidence of an injury.

Mr. Worthen contends that he "has been prejudiced and injured" by the inability to:

- properly research and frame issues,

- obtain case law and material to defend his own and other inmates' cases, and

- timely respond to pleadings and court orders.

Amended Complaint at pp. 10, 12, 12A-B; Plaintiff's Reply to Motion to Dismiss and/or for

Summary Judgment and Brief in Support of All Defendants at p. 3 (Jan. 18, 2006) (Doc. 72).

But these allegations are insufficient for an actual injury.

The Tenth Circuit Court of Appeals upheld summary judgment to prison officials

under similar circumstances in *Brown v. Sales*, 134 F.3d 382, 1998 WL 42527 (10th Cir. Feb.

4, 1998) (unpublished op.).  There the plaintiff claimed that prison officials had deprived him

of legal materials in violation of his right to court access.  *See Brown v. Sales*, 1998 WL

42527, Westlaw op. at 1.  In granting summary judgment, the district court concluded that

the allegations were conclusory and, as a result, the plaintiff had failed to establish prejudice:

> Although [the inmate] identifies certain litigation in his appellate brief, he does
> not identify any lost documents with particularity, establish how any missing
> document relates to the litigation, assert that any action has been dismissed or
> any filing disallowed as untimely, or claim any specific prejudice to any
> litigation due to missing documents.  Thus, we agree with the magistrate judge
> that plaintiff has failed to establish the existence of a genuine issue of material
> fact with respect to his right of access to the court claim.

*Id.*, 1998 WL 42527, Westlaw op. at 2.

*Brown v. Sales* is persuasive.  *See* Tenth Cir. Rule 36.6(B).  Under *Brown*, Mr. Worthen's claims of injury are too conclusory to create a disputed issue of material fact.  *See Farrell v. Campbell*, 6 Fed. Appx. 830, 832 (10th Cir. Apr. 16, 2001) (unpublished op.) ("Mr. Farrell's sweeping allegation of actual injury is too conclusory to demonstrate that the denial of legal materials actually hindered his efforts to pursue any nonfrivolous claim.").

Mr. Worthen has specified one request that was denied because the case was outside of the Tenth Circuit.  *See* Appendix, Vol. I, Exh. CC; *see also supra* pp. 13-14.  Mr. Worthen stated that he needed the "case to respond to [the report and recommendation] by 5-22-04." Appendix, Vol. I, Exh. CC; *see also* Report and Recommendation at p. 37, *Worthen v. Ryan*, Case No. CIV-02-872 (W.D. Okla. June 2, 2004) (stating that objections to the report and recommendation were due June 22, 2004).  Mr. Worthen filed a timely objection in that case. *See* Plaintiff's Objection to the Report and Recommendation, *Worthen v. Ryan*, Case No. CIV-02-872 (W.D. Okla. June 22, 2004).  Indeed, the Plaintiff does not allege disallowance of the filing or any prejudice from the unavailability of the case.[12]

The Plaintiff has failed to create a genuine issue of material fact on his claims concerning the inability to obtain legal materials.  Accordingly, the Court should grant summary judgment to Defendants Ward and Kirby on this claim.

The foregoing recommendation, if adopted, should also result in the dismissal of Mr. Worthen's claim premised on supervisory liability.  Mr. Worthen alleges that Messrs. Kirby

---

[12]    In the request, Mr. Worthen identified the citation as "Gibson v. Wash. County 290 F.3d 1125 (9th Cir. 2002)."  Appendix, Vol. I, Exh. CC.  No such citation exists.

and Ward are liable for the actions of employees who had acted outside the scope of OP-030115 to deny him access to the courts.  Amended Complaint at pp. 12A-C.  As stated above, Mr. Worthen has not presented evidence of an actual injury as a result of the alleged denial.  *See supra* pp. 13-15.  Absent a constitutional deprivation, there can be no supervisory liability.  *See Webber v. Mefford*, 43 F.3d 1340, 1344-45 (10th Cir. 1994) ("A claim of inadequate training, supervision, and policies under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised."), *modified on other grounds*, *Trigalet v. City*, 239 F.3d 1150, 1154 n.2 (10th Cir. 2001).

> Mr. Worthen's Claims Concerning Inadequate Training, Restricted
> Access to the Law Library, and Excessive Administrative Costs

The Plaintiff also alleges a denial of meaningful court access due to inadequate training as a legal assistant, limited access to the law library, and excessive administrative costs.  Amended Complaint at pp. 10-12.  These theories should be dismissed for failure to state a valid claim.

As discussed above, a necessary element for a claim involving the denial of court access is the existence of an actual injury resulting from the alleged deprivation.  *See supra* pp. 12-15.  None was present here.

Mr. Worthen makes broad claims of injury, but they are insufficient as a matter of law.  *See supra* pp. 12-15.  For example, Mr. Worthen complains that:

16

- his latest "so called training session . . . turned out to be a six-hour review of legal concepts,"

- the number of hours for inmates to use the law library is "ridiculous and unconstitutional," and

- increased costs for photocopying, notary services, and postage "seem[] to make it harder for inmates to gain access to the courts or utilize the facility law libraries."

Amended Complaint at pp. 11-12. But Mr. Worthen does not allege prejudice from the lack of training, limited access to the law library, or excessive administrative costs. As a result, the Court should dismiss these theories for failure to state a valid claim.

The Tenth Circuit Court of Appeals reached a similar result in *McBride v. Deer*, 240 F.3d 1287 (10th Cir. 2001). There the plaintiff alleged denial of court access from deficiencies in the availability of legal materials. *See McBride v. Deer*, 240 F.3d at 1290. The district court dismissed the allegations for failure to state a valid claim. *See id.* at 1288. The Tenth Circuit Court of Appeals affirmed, stating that the plaintiff's allegations were insufficient notwithstanding his claim of "actual injury" in the inability to file various pleadings:

> However, Mr. McBride still failed to allege sufficient facts to satisfy the actual injury requirement: For example, he did not describe sufficiently the legal materials he was seeking, he did not clarify that the OCDC library and its resources were inadequate for his needs, and he did not explain that his legal claim was nonfrivolous.

*Id.* at 1290 (citations omitted).

*McBride v. Deer* is controlling.  Mr. Worthen's allegations of prejudice consist of the following allegations:

- an inability to defend his own and other inmates' cases,

- an inability to timely respond to pleadings and court orders,

- an inability to assist other inmates in "their quest to gain meaningful access to the courts," and

- injury in Case Nos. CIV-99-1417-W, CIV-02-872-W, CIV-04-976-W, CIV-05-1090-C and "other[] cases that plaintiff was assisting on."

Amended Complaint at pp. 10, 12-12B.

Mr. Worthen complains of injury in the inability to "timely respond to defendants [sic] pleadings and court orders."  *Id.* at p. 12A.  But this allegation is insufficient under *McBride* and Mr. Worthen has not explained the prejudice from the alleged denial.  *See Peoples v. CCA Detention Centers*, 422 F.3d 1090 (10th Cir. 2005) (upholding dismissal of the plaintiff's claim involving denial of court access because the plaintiff had not alleged missing of dates or loss of a case which could have been won).  Because the Plaintiff failed to allege actual injury resulting from inadequate legal training, restricted access to the courts, or excessive administrative costs, the Court should dismiss these theories for failure to state a valid claim.

## IV.   THE PLAINTIFF'S REMAINING CLAIMS

These recommendations would leave no claims remaining against Mr. Kirby and causes of action against Mr. Ward only for:

- failure to train prison employees regarding a particular policy and those employees' failure to follow the policy and

- failure to hire a licensed dietician.

Amended Complaint at pp. 5A, 6A, 8B.  The Plaintiff's first claim lacks merit, but the second claim should remain for trial.

First, the Plaintiff claims that:

- Defendant Ward had failed to train prison employees regarding a particular policy, and

- those employees failed to follow the  policy.

*Id.*  The policy at issue, OP-140133, allows inmates to possess eyeglasses if deemed necessary by the facility optometrist.  Appendix, Vol. I, Exh. G.  Previously, the Court granted summary judgment to Defendant William Hull on the Eighth Amendment claim involving the denial of sunglasses.   Order (Sept. 13, 2005) (Doc. 53).   And contemporaneously, the undersigned is recommending summary judgment to Defendant Linda Hill on Mr. Worthen's Eighth Amendment claim for confiscation of the sunglasses. Report and Recommendation on the Claims Involving Ms. Linda Hill at pp. 4-9 (July 28, 2006) (Doc. 78).  Based on the prior order and the pending recommendation, the Court should dismiss the claims against Mr. Ward for failure to train and supervisory liability.  *See supra* p. 16 (discussing the unavailability of supervisory liability in the absence of an underlying constitutional violation).  As a result, the Court should dismiss these claims.

Second, the Plaintiff claims that Defendant Ward is liable under the Eighth Amendment for failure to hire a licensed dietician. Amended Complaint at p. 8B. Mr. Ward does not address this claim, and it should remain for trial.[13]

V.    SUMMARY OF RECOMMENDATIONS

Regarding Defendant Kirby, the Court should:

●    apply the Eleventh Amendment and dismiss the official capacity claims for damages and the remaining claims for equitable relief involving vision care, possession of sunglasses, training for the facility optometrist, implementation of a diet plan, and employment of a dietician,

●    grant summary judgment on the claim involving lack of court access through a selective denial of materials, and

●    dismiss the remaining theories involving denial of court access for failure to state a valid claim.

For Defendant Ward, the Court should:

●    apply the Eleventh Amendment and dismiss the official capacity claims for damages,

●    grant summary judgment on the claim involving denial of access to the courts through a selective denial of materials,

●    dismiss the remaining theories involving denial of access to the courts for failure to state a valid claim, and

---

[13]    In response to this claim, Mr. Ward merely states: "Plaintiff has failed to demonstrate any constitutional violation, and as such, Plaintiff has stated no claim against Defendants." Dispositive Motion of Defendants Kirby and Ward at p. 9. Two problems exist with regard to Defendant Ward's argument. First, Mr. Ward fails to explain the absence of a constitutional violation. Second, in a contemporaneous report and recommendation, the undersigned has concluded that disputed facts preclude summary judgment on Mr. Worthen's Eighth Amendment claim concerning the inadequacy of his diet. *See* Report and Recommendation on the Claims Involving Mr. Harvey Craig (July 28, 2006) (Doc. 77).

- dismiss as facially invalid the theories involving a failure to train prison employees regarding a particular policy and supervisory liability based on those employees' failure to comply.

These rulings would leave intact a claim against Mr. Ward for failure to hire a licensed dietician. For these claims, Mr. Ward is implicated:

- in his personal capacity on the claim for damages and

- in his official capacity on the claim for an injunction.

## VI.    NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by August 18, 2006. *See* W.D. Okla. Local Civil Rule 72.1(a). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## VII.    STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 28th day of July, 2006.

Robert E. Bacharach
United States Magistrate Judge