IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SIDNEY ALLEN WORTHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-976-W |
| | ) | |
| WILLIAM HULL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON
THE CLAIMS INVOLVING MR. HARVEY CRAIG**

Plaintiff Sidney Worthen is a state prisoner and appears *pro se*, bringing the present action under 42 U.S.C. § 1983. First Amended Complaint, Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 Jury Trial Demanded by Judge or by Magistrate (Oct. 20, 2005) (Doc. 61) ("Amended Complaint"). Defendant Harvey Craig urges:

- dismissal of the official capacity claims on grounds of Eleventh Amendment immunity,

- dismissal for lack of personal participation, specificity in the complaint, or intentional conduct,

- dismissal of the claims involving declaratory and injunctive relief on grounds of mootness,

- qualified immunity,

- unavailability of injunctive or declaratory relief based on the absence of a constitutional violation, and

- summary judgment on the Eighth Amendment claims involving a lack of sanitation and an inadequate diet.

Motion to Dismiss and/or for Summary Judgment and Brief in Support of Defendant, Harvey Craig, at pp. 9-12 (Jan. 11, 2006) (Doc. 69) ("Defendant Craig's Dispositive Motion").

The Court should:

- dismiss the official capacity claims for damages based on Eleventh Amendment immunity,

- dismiss the declaratory and equitable claims on grounds of mootness,

- reject Mr. Craig's arguments for dismissal based on the absence of specificity in the complaint, personal participation, or intentional conduct,

- overrule the request for summary judgment on the Eighth Amendment claims involving unsanitary conditions and inadequate diet, and

- reject the Defendant's argument for qualified immunity.

I. FACTUAL BACKGROUND

Mr. Worthen suffers from diabetes and alleges that while he was at Lexington Assessment and Reception Center ("LARC"), his diet had been inadequate and unsanitary. Amended Complaint at pp. 2, 7-8D. According to the Plaintiff, these deficiencies violated the Eighth Amendment and relate to Defendant Craig as superintendent of the food service unit at LARC. *Id.* at pp. 7-8D. Suing Mr. Craig in his personal and official capacities for violation of the Eighth Amendment,[1] Mr. Worthen seeks damages[2] and equitable relief.[3]

---

[1] Amended Complaint at p. 1.

[2] In the amended complaint, Mr. Worthen does not specifically request damages. *See* Amended Complaint at pp. 15-16 ("Request for Relief"). But after mentioning various remedies, Mr. Worthen asks for "[a]ll other [r]elief the Court deems just and necessary" for adjudication of the claims. *Id.* at p. 16. Liberally construed, this request would encompass damages. *See Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003) (holding that a *pro se* prisoner's "prayer for 'such other relief'" should be read to include a request for nominal damages); *see also Perkins v. Kansas*

II.   THE OFFICIAL CAPACITY CLAIMS FOR DAMAGES: ELEVENTH AMENDMENT IMMUNITY

Mr. Worthen seeks damages and equitable relief involving an examination by an ophthalmologist, delivery of prescription sunglasses, training for the facility optometrist, implementation of a diet plan, employment of a dietician, updates to the prison law library, and training for legal research.[4] Defendant Craig argues that the official capacity claims are foreclosed by the Eleventh Amendment. Defendant Craig's Dispositive Motion at p. 12. The undersigned agrees with respect to the claims for damages.[5]

The Eleventh Amendment implicates the Court's subject-matter jurisdiction. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002 ) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court" (citation omitted)).

---

*Department of Corrections*, 165 F.3d 803, 808 (10th Cir. 1999) ("Although plaintiff's complaint does not include an express request for injunctive relief, a liberal construction of his allegations demonstrates a clear desire for injunctive relief."); *cf.* Fed. R. Civ. P. 54(c) (a judgment, other than one for default, "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings").

[3]   Amended Complaint at pp. 15-16.

[4]   Mr. Worthen also asks the Court: (1) to issue a declaratory judgment "for Proposition Five" and, as requested there, (2) to order compliance with *Battle v. Anderson* through the supply of updated legal materials and training for inmate legal research assistants. Amended Complaint at pp. 12C, 13-15. If the Plaintiff were an intended third-party beneficiary to the decree in *Battle v. Anderson*, he might have standing. *See Floyd v. Ortiz*, 300 F.3d 1223, 1226 (10th Cir. 2002). But Mr. Worthen cannot obtain enforcement of the decree through a Section 1983 action. *See Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996) (holding "that a § 1983 action is not an appropriate means to seek enforcement of a consent decree" (citations omitted)).

[5]   The Eleventh Amendment could arguably bar some of Mr. Worthen's claims for equitable relief based on the nature of the requests. However, the Court need not consider the applicability of the Eleventh Amendment to the equitable claims, as they are moot. *See infra* p. 5.

3

On this issue, Mr. Worthen bears the burden. *See Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

In part, Mr. Worthen seeks damages from Defendant Craig. Amended Complaint at p. 16. However, as a state employee, Defendant Craig enjoys Eleventh Amendment immunity on the official capacity claims for monetary relief. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984).

Immunity may be waived by the state or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity,[6] and Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983.[7] Thus, the Eleventh Amendment forecloses any cause of action against Mr. Craig for monetary damages in his official capacity,[8] and the Court should dismiss this claim without prejudice to refiling.[9]

This recommendation would leave:

---

[6]   *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution").

[7]   *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

[8]   *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984).

[9]   Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court. *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980). Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

- individual and official capacity claims against Mr. Craig for declaratory and equitable relief[10] and

- individual capacity claims for damages.

III. THE OFFICIAL AND INDIVIDUAL CAPACITY CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF: MOOTNESS

As stated above, the Plaintiff seeks declaratory and injunctive relief against Defendant Craig. *See supra* pp. 2-3. But since the lawsuit began, the Plaintiff has been transferred from LARC to the James Crabtree Correctional Center. *See* Amended Complaint at pp. 1, 8A. With the transfer, the claims against Mr. Craig for declaratory and injunctive relief have become moot. *See Love v. Summit County,* 776 F.2d 908, 910 n.4 (10th Cir. 1985) (a prison transfer moots claims for injunctive relief); *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding that a former inmate's claims for declaratory and injunctive relief were moot because he was no longer within the defendants' control).[11] With this recommendation, Mr. Craig would face only the individual capacity claims for damages.

---

[10]  Mr. Worthen's claims for declaratory and equitable relief involve an examination by an ophthalmologist, delivery of prescription sunglasses, training for the facility optometrist, implementation of a diet plan, employment of a dietician, updates to the prison law library, and training for legal research. *See supra* p. 3. The Court may assume *arguendo* that the claims implicate Mr. Craig in his personal and official capacities.

[11]  Mr. Craig also argues that the Plaintiff is not entitled to injunctive or declaratory relief based on the lack of a constitutional violation. Defendant Craig's Dispositive Motion at pp. 13-14. But the Court need not address this argument in light of the mootness of the claims for declaratory and equitable relief. *See supra* text accompanying note.

IV. THE INDIVIDUAL CAPACITY CLAIMS FOR DAMAGES: THE EIGHTH AMENDMENT

Based on factual disputes, the Eighth Amendment claims in Mr. Craig's personal capacity should remain for trial.

On the Eighth Amendment claims, Mr. Craig urges dismissal and/or summary judgment. According to Mr. Craig, the claims should be dismissed based on:

- lack of specificity in the complaint and
- failure to allege personal participation or intentional conduct.

Defendant Craig's Dispositive Motion at pp. 6-9. Defendant Craig has also requested summary judgment based on a lack of deliberate indifference. *Id.* at pp. 9-11. Each theory by Mr. Craig is invalid.

A. Dismissal

The Court should reject Defendant Craig's arguments for dismissal because the Plaintiff had:

- satisfied the pleading requirements and
- pled facts indicating personal participation and intentional conduct.

Standard for Dismissal

Dismissal for failure to state a valid claim is proper only if "the plaintiff can prove no set of facts in support . . . that would entitle [him] to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). The well-pleaded factual allegations in the amended complaint must be accepted as true and construed in the light most favorable to the plaintiff.

*See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).  A *pro se* complaint like Mr. Worthen's must be broadly construed under this standard.  *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

<u>The Amended Complaint Was Not Deficient for a Lack of Specificity</u>

In part, Mr. Craig urges dismissal of the amended complaint on grounds that Mr. Worthen had failed to plead the alleged violations with specificity.  Defendant Craig's Dispositive Motion at pp. 6-7.  The Court previously rejected this argument.  Report and Recommendation on the Claims Involving Mr. Harvey Craig at pp. 9-10 (July 29, 2005) (Doc. 37) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Sept. 13, 2005) (Doc. 54) (unpublished order by district judge).

<u>The Amended Complaint Sufficiently Alleged Personal Participation by Mr. Craig</u>

The Plaintiff sufficiently alleged that Mr. Craig had personally participated in the constitutional violations.

Liability under Section 1983 cannot rest upon the doctrine of *respondeat superior*[12] or an individual's status as a supervisor.[13]  Instead, to properly allege supervisory liability, the inmate must identify an "affirmative link" between the constitutional deprivation and the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.  *See Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).  This affirmative

---

[12] *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[13] *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).

link "must be alleged in the complaint . . . ." *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

Defendant Craig has requested dismissal based on a failure to claim that he had personally participated in the alleged violations concerning unsanitary conditions and inadequate diet. Defendant Craig's Dispositive Motion at pp. 7-8. In the amended complaint, Mr. Worthen listed numerous allegations relating to unsanitary conditions and an inadequate diet. Amended Complaint at pp. 7-8. And Mr. Worthen sufficiently alleged personal participation by Mr. Craig in the deprivations:

> Defendant Craig's [sic] as Food Service Manager III is the Department Head of the Lexington Assessment and Reception Center's Food Service Unit he decides every function and action that occurs within said food service unit, having daily personal participation in the Units [sic] operation, deciding the menu, ordering the food, cooking and preparing the food, serving the food, cleaning the unit and overseeing all operations to his standards.

*Id.* at p. 8A. The Plaintiff also alleged that Defendant Craig had:

- served breakfast and lunch and
- overseen the unit's operation.

*Id.* at pp. 8C-8D. These allegations indicate that Defendant Craig had knowledge of the conditions and Mr. Worthen's diet. As a result, the Court should reject the Defendant's request for dismissal based on a lack of personal participation.

### In the Amended Complaint, Mr. Worthen Adequately Alleged Intentional Conduct

Mr. Craig also argues that the Plaintiff's allegations involve negligence rather than intentional conduct. Defendant Craig's Dispositive Motion at p. 9. The Court should reject this argument.

Mr. Worthen's claims against Defendant Craig are premised on a violation of the Eighth Amendment. *See* Amended Complaint at pp. 7-8D. Mr. Worthen alleges that Mr. Craig had acted with deliberate indifference to inmates' health and safety because he was aware of the unsanitary conditions and planned and prepared a nutritionally inadequate diet. *Id.* Mr. Worthen has sufficiently pled intentional conduct, and the Court should reject the Defendant's contrary argument for dismissal.

B.  Summary Judgment

Summary judgment for Mr. Craig is not warranted on the claims involving unsanitary conditions and inadequacies in the diet.

### Standard for Summary Judgment

Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When only one reasonable outcome exists, summary judgment is necessary. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

### The Eighth Amendment

Under the Eighth Amendment, prison officials must supply "humane conditions of confinement" with respect to food[14] and sanitation.[15] For liability under the Eighth Amendment, a plaintiff must satisfy two requirements, consisting of an objective and subjective component.

The objective component requires that the alleged deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). An alleged deprivation is sufficiently serious if the prisoner is deprived of the minimal civilized measure of life's necessities. *See Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981).

The subjective component requires prison officials to have a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. at 297. Culpability occurs when prison officials act with deliberate indifference to a substantial risk of serious harm for an inmate. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

---

[14] *See McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (requiring prison officials to provide "adequate food").

[15] *See Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980) (requiring "reasonably adequate . . . sanitation").

Unsanitary Conditions

Mr. Worthen alleges and presents evidence regarding unsanitary conditions. Amended Complaint at pp. 7-8.[16] Under oath, the Plaintiff states:

- the bathrooms are unclean, with the toilets not working,

- he lacks soap,

- officials do not sanitize the pots and pans, plastic cutlery, steam line, or dining tables,

- inmate employees work with open wounds, without gloves, and without medical clearance,

- the food is not throughly cooked and temperatures are not monitored,

- the food service unit is infested with cockroaches,

- the fruit is not washed, and

- the water smells foul and is discolored.

*Id.* at pp. 7-8, 16.

Defendant Craig challenges the objective and subjective components of the deliberate indifference standard, contending that:

- he had no reason to know of the alleged danger to Mr. Worthen and

- he lacked deliberate indifference, as the Plaintiff's claims are contradicted by the "Food Service Inspection Sheet" and water analysis reports.

---

[16] The amended complaint should be treated as an affidavit because Mr. Worthen has made his factual allegations under penalty of perjury. Amended Complaint at p. 16; *see Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

Defendant Craig's Dispositive Motion at p. 10; *see* Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Attachments 13-15 (Dec. 3, 2004) (Doc. 15) ("Special Report").

Both arguments involve factual disputes which must be resolved at trial. The Plaintiff has presented evidence of unsanitary conditions in LARC's food service unit. *See supra* p. 11. Defendant Craig, in turn, has supplied reports reflecting satisfactory conditions. Special Report, Attachments 13-15. But the evidence creates factual disputes involving the constitutionality of the conditions and Mr. Craig is not entitled to summary judgment on this claim. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999) (concluding that "a 'Sanitation Inspection' report reflecting "satisfactory conditions" did not entitle the defendants to summary judgment on a prisoner's Eighth Amendment claim involving unsanitary conditions); *Caldwell v. Caesar*, 150 F. Supp. 2d 50 (D. D.C. 2001);[17] *see also*

---

[17]   The court addressed a similar issue in *Caldwell v. Caesar*, 150 F. Supp. 2d 50 (D. D.C. 2001). There an inmate sued the prison's food service director, alleging that the food service unit had been operated in unsanitary conditions and had violated the Eighth Amendment. *See id.* at 52. The plaintiff presented evidence of improper temperatures for the food, unclean cooking and food service equipment, failure of personnel to wash their hands or wear gloves, and unavailability of soap and towels in the bathroom facilities used by the food service workers. *See id.* at 62-63. The defendant moved for summary judgment, relying in part on the opinion of an expert who had examined the food service facilities and had reported that the kitchen was "relatively well maintained and . . . sanitary." *See id.* at 62. The court overruled the defendant's motion, stating:

> Plaintiff has produced significant evidence of unsanitary conditions in the Maximum Security Facility kitchen and in the procedures for distributing food trays to inmates such as he who were confined to their cells. Neither Aramark nor the District of Columbia contend that they were unaware of these conditions. . . . The significant evidence that the food served to prisoners at Maximum was prepared and served under unsanitary conditions is sufficient to raise a jury question as to whether Plaintiff's Eighth Amendment rights were violated; the extent of violation and the appropriate amount of damages will be up to the jury to determine.

*Drake v. Velasco*, 207 F. Supp. 2d 809, 813 (N.D. Ill. 2002) (denying a motion to dismiss because the plaintiff had alleged "an immediate risk of injury due to the unsanitary nature of the food" served in his prison).

Inadequate Diet

The Plaintiff also alleges deliberate indifference to his serious medical needs as a diabetic. According to the Plaintiff, the menu was nutritionally inadequate for his diabetic needs. Amended Complaint at p. 8. Disputed facts exist, precluding summary judgment.

Mr. Worthen complains under oath that:

- the food portions vary from meal to meal, preventing diabetics from controlling blood glucose levels,

- the evening meal of July 12, 2004, contained an insufficient amount of carbohydrates, resulting in an insulin reaction, and

- following the reaction, his blood glucose level dropped significantly.

Amended Complaint at pp. 8, 16.

In response, Mr. Craig contends:

- Mr. Worthen obtained the "Diet for Health" menu, which had been approved by a licensed dietician and included diets designed for individuals with diabetes, and

- Mr. Worthen's purchases of "junk food" from the prison canteen reflected an unwillingness to adhere to a diabetic diet.

---

*Id.* at 63-64.

Defendant Craig's Dispositive Motion at pp. 2, 11.  The Court should reject the Defendant's arguments for purposes of summary judgment.

First, evidence concerning the "Diet for Health" menu does not entitle Mr. Craig to summary judgment because a reasonable trier of fact could conclude that the food was not suitable for Mr. Worthen's diabetic condition.[18]

Second, the argument regarding the purchase of junk food is merely an alternative theory regarding the cause of Mr. Worthen's gastrointestinal problems.  Mr. Worthen states under oath that because the food gives him diarrhea, his only alternative is to buy items from the canteen which he should not eat.  Amended Complaint at pp. 8, 16.  Thus, even if Mr. Worthen had eaten inappropriate food from the canteen, the factual question about the adequacy of the diet would remain.[19]

For both reasons, the evidence is conflicting, and a reasonable trier of fact could conclude that Mr. Craig had deliberately failed to provide Mr. Worthen with a diet appropriate for his diabetic condition.[20]

---

[18]   *See Lolli v. County*, 351 F.3d 410, 418-21 (9th Cir. 2003) (reversing an award of summary judgment because the plaintiff had presented evidence that the food served was not proper in light of his diabetes); *see also Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (stating that the prisoner-plaintiff was entitled to judgment if he could prove deliberate withholding of a dietary accommodation that was needed to avoid a diabetic crisis).

[19]   *See Rouse v. Plantier*, 987 F. Supp. 302, 308-309 (D. N.J. 1997) (rejecting the defendants' argument for summary judgment based on the plaintiffs' occasional purchases of food which were inappropriate for diabetes), *vacated on other grounds*, 182 F.3d 192 (3d Cir. 1999).

[20]   *See Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (reversing dismissal of a prisoner's Section 1983 claim involving violation of the Eighth Amendment in the failure to provide a diabetic prisoner with special foods); *see also Woulard v. Food Service*, 294 F. Supp. 2d 596, 605 (D. Del.

Qualified Immunity

Defendant Craig also seeks summary judgment on grounds of qualified immunity. Defendant Craig's Dispositive Motion at pp. 12-13. The Defendant's argument is premised solely on the absence of a constitutional violation. *Id.* The Court should reject the Defendant's argument because disputed facts exist on the occurrence of a constitutional violation.

When a defendant raises qualified immunity, the burden shifts to the plaintiff to show that the official had violated a clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the plaintiff satisfies this burden, the defendant must prove that "no genuine issues of material fact" exist and that he is entitled to judgment as a matter of law. *Id.* When an unresolved factual dispute bears on qualified immunity, the Court should deny a motion for summary judgment. *See Salmon v. Schwarz,* 948 F.2d 1131, 1136 (10th Cir. 1991).

As discussed above, factual disputes remain on the existence of constitutional violations involving the failure to provide adequate food in sanitary conditions. *See supra*

---

2003) (summary judgment was unavailable because of disputed facts regarding whether the prison food service had provided the plaintiff with special meals for medical needs); *Caldwell v. Caesar*, 150 F. Supp. 2d 50, 65 (D. D.C. 2001) (denying a defendant's motion for summary judgment because of a dispute concerning "whether the meals provided Plaintiff were sufficiently nutritious . . . as to deprive him of adequate food necessary to maintain his health and thus to constitute cruel and unusual punishment"); *Thomas v. Rufo*, 1994 WL 175047, Westlaw op. at 4 (D. Mass. Apr. 20, 1994) (unpublished op.) (summary judgment was unavailable because of factual disputes regarding the amount of food served to the plaintiff-inmate and the nutritional adequacy of the servings).

pp. 6-14. As a result, the Court should decline to award summary judgment to Defendant Craig on the basis of qualified immunity.

## V. SUMMARY OF RECOMMENDATIONS

The Court should:

- dismiss the official capacity claims for damages on grounds of Eleventh Amendment immunity,

- dismiss as moot the claims for declaratory and injunctive relief in Mr. Craig's official and individual capacities,

- reject Mr. Craig's arguments for dismissal based on a lack of specificity in the complaint, lack of personal participation, and intentional conduct,

- overrule the request for summary judgment on the Eighth Amendment claim involving unsanitary conditions and inadequate diet, and

- reject the Defendant's argument based on qualified immunity.

## VI. NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by August 18, 2006. *See* W.D. Okla. Local Civil Rule 72.1(a). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## VII. STATUS OF REFERRAL

The referral is not terminated.

Entered this 28th day of July, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge