IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SIDNEY ALLEN WORTHEN,           )
                                )
        Plaintiff,              )
                                )
v.                              )   Case No. CIV-04-976-W
                                )
WILLIAM HULL, *et al.*,         )
                                )
        Defendants.             )

**REPORT AND RECOMMENDATION ON**
**THE CLAIMS INVOLVING MS. LINDA HILL**

Plaintiff Sidney Worthen is a state prisoner and appears *pro se*, bringing the present action under 42 U.S.C. § 1983. First Amended Complaint, Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 Jury Trial Demanded by Judge or by Magistrate (Oct. 20, 2005) (Doc. 61) ("Amended Complaint"). Previously, the Court:

- dismissed without prejudice the official capacity claims for reimbursement under the Eleventh Amendment,

- dismissed with prejudice the Plaintiff's due process theory for failure to state a valid claim, and

- granted summary judgment in Ms. Hill's personal capacity on the Eighth Amendment claim.

Order (Sept. 13, 2005) (Doc. 51). These rulings left Mr. Worthen's official capacity claim under the Eighth Amendment for replacement of the sunglasses.[1] Ms. Hill moves for summary judgment on the remaining claim and the Court should grant the motion.

I.    FACTUAL BACKGROUND

On September 12, 2002, Mr. Worthen arrived at the Lexington Assessment and Reception Center ("LARC"). *See* Amended Complaint at p. 2. That evening, Mr. Worthen realized that he was missing his prescription sunglasses and glasses case. *See id.* at pp. 3, 6. According to the Plaintiff, Defendant Hill had confiscated the items, believing them to be contraband. *Id.* at pp. 2, 3, 6. Mr. Worthen alleges that Ms. Hill had acted contrary to prison policy and confiscated the property for her personal gain in violation of the Eighth Amendment. *Id.* at pp. 6-6B.

II.   THE EIGHTH AMENDMENT CLAIM

Defendant Hill is entitled to summary judgment on the Eighth Amendment claim.

---

[1]    In the amended complaint, Mr. Worthen purported to amend the allegations against Ms. Hill. Amended Complaint at pp. 6A-6C. The Plaintiff lacked permission to change the allegations, and the Court should disregard the modification of the remaining claim.

The Court granted leave for Mr. Worthen to amend the allegations involving Defendants Craig, Ward, and Kirby. Order at pp. 4-5 (Sept. 13, 2005) (Doc. 52); Order at p. 4 (Sept. 13, 2005) (Doc. 54). But Mr. Worthen did not seek leave to amend the allegations against Ms. Hill, and the Court did not *sua sponte* grant such permission. Thus, the additional factual allegations should not be considered as part of the amended complaint. But the undersigned will consider Mr. Worthen's additional legal arguments in the amended complaint, as they address the availability of summary judgment for Ms. Hill on the remaining claim.

A.   <u>Standard for Summary Judgment</u>

Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When only one reasonable outcome exists, summary judgment is necessary. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

B.   <u>The Eighth Amendment</u>

Under the Eighth Amendment, prison officials must "provide humane conditions of confinement" for prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). As a result, deliberate indifference to a prisoner's serious medical needs is actionable under Section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).

C.  Confiscation of Prescription Sunglasses

The Plaintiff lacks any evidence of deliberate indifference by Defendant Hill,[2] and she is entitled to summary judgment on the Eighth Amendment claim.[3]

As stated above, the Eighth Amendment is violated only if the defendant had acted with "deliberate indifference." *See supra* p. 3. Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). For example, deliberate indifference may exist when officials prevent treatment that has been recommended for an inmate. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

Mr. Worthen offers two theories concerning confiscation of the property:

---

[2]  The Court may assume *arguendo* that the Plaintiff's need for the sunglasses was "sufficiently serious" to merit protection under the Eighth Amendment. *Compare Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) (inmate's allegations that he required prescription sunglasses stated a claim that his medical needs were "sufficiently serious"), *and Jones v. Sheahan*, 1995 WL 88913, Westlaw op. at 4 (N.D. Ill. Mar. 2, 1995) (unpublished op.) ("Jones sufficiently alleges a 'serious medical need' because he alleges that a physician prescribed the eyeglasses as treatment for his serious eye problem."), *with Walker v. Pete*, 76 Fed. Appx. 186, 188 (9th Cir. Sept. 22, 2003) (unpublished op.) (holding that a prisoner plaintiff had "failed to raise a genuine issue of material fact as to whether the temporary seizure of his eyeglasses resulted in a sufficiently serious deprivation" (citation omitted)).

[3]  In part, Ms. Hill denies deliberate indifference based on Mr. Worthen's ability to purchase solar shields in lieu of prescription sunglasses. Motion to Dismiss and/or for Summary Judgment and Brief in Support of Defendant, Linda Hill at pp. 5-6 (Jan. 11, 2006) (Doc. 70). The Court need not address this argument in light of the availability of summary judgment on other grounds.

- Ms. Hill took the property on a mistaken belief that it was contraband[4] and

- Ms. Hill confiscated the items for her own personal gain, knowing that the items were medically necessary.[5]

The Court should reject both theories and grant summary judgment to Ms. Hill because no evidence exists regarding a culpable state of mind.

### The Plaintiff's First Theory

When the Plaintiff arrived at LARC, Defendant Hill completed an inventory of his property. Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Attachment 11 (Dec. 3, 2004) (Doc. 15). Ms. Hill noted that the Plaintiff's prescription sunglasses were "unauthorized property" and confiscated them. *Id.* Mr. Worthen attributes the confiscation to a mistaken belief that the property was contraband, adding that Ms. Hill had acted "without any authority any policy or procedure supporting such taking. . . ." Amended Complaint at pp. 2, 6.

These allegations reflect mere negligence, which would be insufficient to establish an Eighth Amendment violation. *See Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999); *see also Verdecia v. Adams*, 327 F.3d 1171, 1175-76 (10th Cir. 2003) (rejecting an Eighth Amendment claim because "[the plaintiff] must do more than establish that [the defendants] should have known of the risk of harm"). Ms. Hill is entitled

---

[4] Amended Complaint at pp. 2, 6.

[5] Amended Complaint at p. 6A; Plaintiff's Response to Order to Show Cause in Reference to Defendant Linda Hill at p. 2 (Sept. 6, 2005) (Doc. 47).

to summary judgment on this theory, as the Plaintiff has not presented evidence of deliberate indifference in connection with her alleged mistake.[6]

### Mr. Worthen's Second Theory

Mr. Worthen presents evidence that Ms. Hill had confiscated the sunglasses for her own personal gain. Amended Complaint at p. 6A.[7] But the Plaintiff lacks any evidence that Ms. Hill was aware of a medical need for the sunglasses when she acted. The omission is fatal, for the actions[8] would be unconstitutional only if Ms. Hill had known that the sunglasses were medically necessary.[9]

---

[6] *See Spann v. Roper*, ___ F.3d ___, 2006 WL 1912983, Westlaw op. at 1 (8th Cir. July 13, 2006) (*per curiam*) ("We agree with the district court that [a prison nurse] did not exhibit deliberate indifference by forcing [the inmate plaintiff] to take another inmate's medication because it is undisputed that this was a mistake" (citations omitted)); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (*per curiam*) ("Even if [the prisoner plaintiff's] allegations are true and correct, then, at worst, the judgment" that the plaintiff could stand in line because of new ramps, notwithstanding a prosthetic device in his hip, "was only mistaken; such allegations do not amount to deliberate indifference to his serious medical needs").

[7] Mr. Worthen's amended complaint should be treated as an affidavit because he has made his factual allegations under penalty of perjury. Amended Complaint at p. 16; *see Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

[8] Mr. Worthen points to the lack of a receipt for the sunglasses. The Court should reject this claim, as lack of a receipt is not evidence of deliberate indifference. *See Schlicher v. Gibbens*, 991 F.2d 806, 1993 WL 125407, Westlaw op. at 2 (10th Cir. Apr. 20, 1993) (unpublished op.) (rejecting an inmate's Eighth Amendment claim for confiscation of property because the relevant policy did not require a receipt for contraband).

[9] *See Pina v. Gomez*, 205 F.3d 1352, 1999 WL 1206732 (9th Cir. Dec. 15, 1999) (unpublished op.) (upholding summary judgment for prison officials who had allegedly confiscated sunglasses from an unauthorized source, reasoning that the plaintiff had failed to show conscious disregard of an excessive risk to his health); *Shelton v. Angelone*, 183 F. Supp. 2d 830, 840-41 (W.D. Va. 2002) (holding that authorities were entitled to summary judgment on an Eighth Amendment claim involving the denial of dark glasses, reasoning that there was not a showing of deliberate indifference to a serious medical need); *McNeil v. Bazzle*, 2006 WL 89227, Westlaw op. at 3-4 (D.

In response to a show cause order, Mr. Worthen stated that Ms. Hill had known of his diabetic condition based on the possession of medications and literature related to diabetes. Plaintiff's Response to Order to Show Cause in Reference to Defendant Linda Hill at p. 2 (Sept. 6, 2005) (Doc. 47). Mr. Worthen argues that armed with this knowledge, Defendant Hill should have checked with medical personnel to determine whether the glasses were medically necessary before she confiscated them. *Id.* But these allegations do not indicate deliberate indifference at the time of Ms. Hill's actions.

In *Self v. Crum*, 439 F.3d 1227, 1235 (10th Cir. 2006), the Tenth Circuit Court of Appeals addressed a similar issue. There the plaintiff complained of fever, aches, chills, coughs, and shortness of breath. *See id.* at 1229. Two days later, the plaintiff was referred to a doctor and was treated. *See id.* The symptoms persisted and five days later, the inmate went to the hospital. *See id.* The hospital staff diagnosed the plaintiff with endocarditis and performed surgery. *See id.* According to the plaintiff, the surgeon stated that the operation might have been unnecessary with earlier detection of the endocarditis. *See id.* The plaintiff

---

S.C. Jan. 12, 2006) (unpublished op.) (granting summary judgment to the defendants on a claim involving the confiscation of a prisoner's sunglasses as contraband, reasoning that the plaintiff lacked evidence that the official had known of the medical need); *Novak v. Mundt*, Case No. 02-935 (RHK/SRN), 2005 WL 1277834, Westlaw op. at 9-10 (D. Minn. May 10, 2005) (unpublished report and recommendation by magistrate judge) (suggesting dismissal of a prisoner's Eighth Amendment claims for the taking of sunglasses based on the absence of a culpable state of mind), *adopted* (D. Minn. May 31, 2005) (unpublished order by district judge); *see also Worthen v. Hull*, 2005 WL 1950250, Westlaw op. at 5 n.10 (W.D. Okla. July 29, 2005) (unpublished report and recommendation by magistrate judge, citing cases), *adopted* (W.D. Okla. Sept. 13, 2005) (unpublished order by district judge).

sued the prison doctor, alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment. *See id.* at 1229-30. The district court granted summary judgment to the doctor based on a lack of deliberate indifference. *See id.*

On appeal, the plaintiff argued that:

- the doctor had known that he was an intravenous drug user, which created a risk factor for the development of endocarditis and

- the doctor had ignored the diagnosis of a potential heart problem.

*See id.* at 1235. The Tenth Circuit Court of Appeals rejected both arguments. Intravenous drug use was insufficient without evidence that the doctor had arrived at the conclusions urged by the Plaintiff: "Self's intravenous drug use, while a risk factor for endocarditis, would no more positively identify Self's ailment than the other nonspecific symptoms would. A treating physician's failure to connect-the-dots is by itself insufficient to establish a culpable state of mind." *Id.* Likewise, the potential heart problem did not create evidence of deliberate indifference, as the appeals court explained:

> "[U]nsubstantiated allegations carry no probative weight" in summary judgment proceedings. . . . And even if [the doctor] had the facts before him to know [the inmate] suffered from a heart condition (and no evidence supports such an inference), [the inmate] has not presented any evidence that [the doctor] actually "dr[ew] the inference" that the cause of [the inmate's] symptoms was a condition other than he suspected. It is simply insufficient that the doctor "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Accordingly, we agree with the district court that [the inmate] has not produced sufficient evidence to defeat summary judgment.

*Id.* (footnote & citations omitted).

*Self v. Crum* is controlling regarding two deficiencies in Mr. Worthen's claim of deliberate indifference.

First, Mr. Worthen claims that Ms. Hill had known that he was a diabetic based on the existence of certain items. *See supra* p. 7. Under *Self*, these allegations are insufficient to prove such knowledge, as the Court cannot assume that Ms. Hill had "connected the dots" as alleged by the Plaintiff. *See supra* p. 8.

Second, even if Ms. Hill knew that Mr. Worthen was a diabetic, he lacks evidence that she had actually drawn the inference that the prescription sunglasses related to his diabetes or were otherwise medically necessary. *See supra* p. 8.

Because Mr. Worthen lacks evidence of a sufficiently culpable state of mind when Ms. Hill confiscated the sunglasses, she is entitled to summary judgment on the Eighth Amendment claim even if she had acted to benefit herself.[10]

### III. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

In her official capacity, Defendant Hill is entitled to summary judgment on the Eighth Amendment claim for replacement of the sunglasses.

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by August 18, 2006. *See* W.D. Okla. Local Civil

---

[10] The Seventh Circuit Court of Appeals affirmed summary judgment to a prison official under similar circumstances. *Thomas v. O'Haver*, 142 F.3d 440, 1998 WL 171270, Westlaw op. at 3 (7th Cir. Apr. 2, 1998) (unpublished op.) (affirming summary judgment to a prison nurse on a claim involving confiscation of an inmate's medication on intake, as the plaintiff lacked evidence that the nurse was aware of a serious medical need for the drugs).

Rule 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

IV.   STATUS OF REFERRAL

The referral is not terminated.

Entered this 28th day of July, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge