IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

SIDNEY ALLEN WORTHEN,           )
                                )
            Plaintiff,          )
                                )
vs.                             )        No. CIV-04-976-W
                                )
WILLIAM HULL et al.,            )
                                )
            Defendants.         )

## ORDER

At the time this action was filed, plaintiff Sidney Allen Worthen, a state prisoner appearing pro se who suffers from diabetes, was incarcerated at Lexington Assessment and Reception Center ("LARC"). Worthen alleged in his complaint that defendant Harvey Craig, individually and in his official capacity as superintendent of the LARC food service unit, violated his rights under the eighth amendment to the United States Constitution by providing a diet that was inadequate and unsanitary. Worthen sought equitable relief as well as "[a]ll other [r]elief the Court deem[ed] just and necessary." Complaint at 16, ¶ E(7).

The matter was referred to United States Magistrate Judge Robert E. Bacharach, and on July 29, 2005, Magistrate Judge Bacharach issued a Report and Recommendation that addressed the claims asserted by Worthen against Craig. Upon de novo review of the record, including Worthen's Reply and Objection to the Report and Recommendation, the Court concurred with Magistrate Judge Bacharach's suggested disposition of those claims.

The Court found that Worthen's eighth amendment claims against Craig in his official capacity that prayed for monetary relief were foreclosed by the eleventh amendment to the United States Constitution, e.g., Ellis v. University of Kansas Medical

Center, 163 F.3d 1186 (10th Cir. 1998)(eleventh amendment bars federal court jurisdiction over state officer acting in official capacity in suits for damages), and dismissed such claims without prejudice to refiling. See Doc. 54 at 2.

The Court found further that Worthen's eighth amendment claims against Craig in his official capacity that sought certain prospective relief–updates to the prison law library, inmate legal research training, examination by an ophthalmologist and replacement of a pair of prescription sunglasses–were likewise barred by the eleventh amendment. See id. The Court noted that although official capacity claims for prospective equitable relief ordinarily were not subject to the eleventh amendment, id., such claims and prayers for relief could only survive when the state officer named as defendant had "some connection" to the enforcement of the unconstitutional act.   The Court found that Worthen had failed to sufficiently allege that Craig, by virtue of his office, had a duty to, and/or was empowered to, provide the relief requested.   Accordingly, the Court dismissed without prejudice to refiling those claims and allegations advanced by Worthen that concerned the prison law library, inmate training, eye examinations and replacement of seized property.[1] See Doc. 54 at 2.

As to Worthen's remaining eighth amendment claims against Craig in his official capacity involving the implementation of a diet plan, the Court found such claims not only sought prospective equitable relief, but also had sufficient connection to Craig and the official duties he was performing at the time the alleged violations occurred.   Accordingly,

---

[1]For the same reasons, the Court found to the extent, if any, such claims had been asserted against Craig, individually, and sought legal or equitable relief that these claims would likewise be dismissed.

2

the Court determined that such claims were are not subject to, or barred by, the eleventh amendment.  See id. at 3.

The Court then considered whether Craig was entitled to dismissal of the remaining claims based upon one or more of the many grounds he had asserted.  The Court found no merit to the arguments that Craig had advanced regarding the application of Turner v. Safley, 482 U.S. 78 (1987), or the alleged absence of specificity in the complaint.  The Court did, however, agree that Worthen had failed to sufficiently allege for purposes of supervisory liability under title 42, section 1983 of the United States Code an "affirmative link" between the constitutional deprivations about which he had complained and either Craig's "'personal participation, his exercise of control or direction, or his failure to supervise.'" Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997)(quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988)).  The Court further found, as Magistrate Judge Bacharach had noted, that this deficiency could be cured by amendment of the complaint, and the Court granted Worthen the opportunity to amend his pleading as to this defendant.  See Doc. 54 at 3.

The matter was re-referred to Magistrate Judge Bacharach on September 13, 2005, for further proceedings, and on October 21, 2005, Worthen filed his first amended complaint.  Craig again challenged Worthen's pleading, and on July 28, 2006, Magistrate Judge Bacharach addressed these challenges and Worthen's responses thereto and issued a Report and Recommendation.

The matter now comes before the Court not only on Worthen's Objection to the Report and Recommendation, but also on Craig's Objection to the same.  Upon de novo

review of the record, the Court concurs with Magistrate Judge Bacharach's findings and suggested rulings.

In his first amended complaint, Worthen has asserted claims for both monetary and equitable relief against Craig, individually and in his official capacity, relating to ophthalmologist examinations, prescription sunglasses, optometrist training, diet plan implementation and dietitian employment practices as well as pertaining to the prison law library and legal research training.  To the extent Worthen has asserted these claims against Craig in his official capacity and has sought monetary relief, the Court finds that such claims are barred by the eleventh amendment to the United States Constitution and should be dismissed without prejudice to refiling.  The Court further finds that because Worthen has been transferred from LARC to James Crabtree Correctional Center, these same claims against Craig, both in his individual capacity and his official capacity, that seek declaratory and/or injunctive relief have been rendered moot.[2]  E.g., Love v. Summit County, 776 F.2d 908, 910 n.4 (10th Cir. 1985)(prison transfer moots claims for injunctive relief).

The Court has also considered those claims asserted by Worthen against Craig, individually, under the eighth amendment that are based upon alleged unsanitary conditions in LARC's food service unit and inadequate diet.  The Court finds that Worthen has sufficiently pled such claims in the first amended complaint to withstand Craig's

---

[2]The Court finds without merit Worthen's contentions that his requests for declaratory and/or injunctive relief are not moot since he "will in the near future be placed at the LARC infirmary," Objection at 2 ("inevitable that [he] . . . will again be housed at LARC, even if temporarily"), as well as his unsupported contention for purposes of the instant motion that "LARC's staff retaliated [against him] and had [him] . . . transferred to James Crabtree Correctional Center."

challenges to the adequacy and specificity of the allegations set forth in these claims. The Court likewise finds that Worthen has set forth in such claims sufficient allegations of Craig's personal participation and intentional conduct to survive dismissal.

The Court further finds that Craig is not entitled to summary judgment as requested regarding the unsanitary conditions and diet inadequacies about which Worthen has complained in his first amended complaint. The eighth amendment "imposes [a] dut[y] on . . . [prison] officials . . . [to] provide humane conditions of confinement[,]" Farmer v. Brennan, 511 U.S. 825, 832 (1994), and to hold a prison official liable for violating this duty, a plaintiff must satisfy two requirements. Id. at 834; e.g., Self v. Crum, 439 F.3d 1227 (10th Cir. 2006)(eighth amendment claims subject to two-pronged inquiry, comprised of objective and subjective components). A plaintiff is first charged with demonstrating that the alleged "deprivation . . . be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). That is to say, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). A plaintiff must also demonstrate that the "prison official . . . have a 'sufficiently culpable state of mind.'" Id. (quoting Wilson, 501 U.S. at 297)(other citations omitted). "In prison-condition cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." Id. (citations omitted).

"Deliberate indifference describes a state of mind more blameworthy than negligence." Id. at 835 (citation omitted). The prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

In ruling on Craig's request for summary judgment, the Court does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P.

As noted by Magistrate Judge Bacharach, the record regarding Worthen's claims attacking the cleanliness of LARC's food service unit and the nutritional adequacy of the food served vis-a-vis his diabetes not only raises factual disputes and questions that must be resolved at trial, but also establishes that Craig has not at this stage of the litigation demonstrated that he is entitled to judgment as a matter of law.

In seeking summary judgment, Craig has also asserted the affirmative defense of qualified immunity to Worthen's eighth amendment claims, and he has argued that he is entitled to rely upon this defense because Worthen has failed to establish a deprivation of any constitutional right. Because the Court has determined that the evidence in this case is conflicting and now further determines that such factual disputes bear on the issue of

6

Craig's entitlement to this defense, the Court finds summary judgment in Craig's favor on this issue is not warranted.

Based upon the foregoing, the Court

(1) ADOPTS the Report and Recommendation [Doc. 77] issued on July 28, 2006;

(2) GRANTS Craig's Motion to Dismiss and/or for Summary Judgment filed on [Doc. 69] on January 11, 2006, to the extent that the Court DISMISSES Worthen's claims for damages against Craig in his official capacity on the grounds such claims are barred by the eleventh amendment[3] and DISMISSES as moot Worthen's claims for declaratory and injunctive relief against Craig, individually and in his official capacity; and

(3) DENIES said Motion in all other respects.

ENTERED this _30th_ day of August, 2006.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[3]To the extent Worthen has requested that this Court order that Craig comply with Battle v. Anderson, the Court declines to do so for the reasons stated by Magistrate Judge Bacharach in his Report and Recommendation.  See Doc. 77 at 3 n.4.