IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

SIDNEY A. WORTHEN,        )
                              )
        Plaintiff,          )
                              )
vs.                           )        No. CIV-04-976-W
                              )
WILLIAM HULL et al.,      )
                              )
        Defendants.      )

## ORDER

On July 29, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended dismissal of all claims, save one, asserted by plaintiff Sidney A. Worthen, a state prisoner proceeding pro se, against defendant Linda Hill. Worthen objected to the Report and Recommendation, and upon de novo review of the record, the Court concurred with Magistrate Judge Bacharach's suggested disposition of the claims asserted against Hill in both her individual and official capacities that arose from Hill's confiscation in 2002 of Worthen's prescription sunglasses and blue plastic glasses case and her subsequent "donation" of the same.

Worthen had contended that Hill's seizure of these items violated his right to due process under the fourteenth amendment and his right to humane conditions of confinement under the eighth amendment to the United States Constitution. He sought reimbursement for the sunglasses and case, a legal remedy, or replacement of the same, an equitable remedy.

The Court found that Worthen's constitutional claims against Hill in her official capacity as the property officer at Lexington Assessment and Reception Center seeking

reimbursement were akin to claims for monetary damages. Such claims were therefore foreclosed by the eleventh amendment to the United States Constitution, e.g., Ellis v. University of Kansas Medical Center, 163 F.3d 1186 (10th Cir. 1998)(eleventh amendment bars federal court jurisdiction over state officer acting in her official capacity in suits for damages), and were dismissed without prejudice. See Doc. 51 at 3.

The Court found that Worthen's claims praying for replacement of the confiscated items–prospective equitable relief–were not subject to, or foreclosed by, the eleventh amendment. Thus, such claims against Hill in her official capacity survived the challenges advanced by Hill under the eleventh amendment. See id.

As to the remaining claims asserted by Worthen, the Court found that Hill's confiscation of Worthen's sunglasses and case did not deprive Worthen of due process as guaranteed by the fourteenth amendment since Worthen had no protected liberty or property interest in, or entitlement to, the possession of these items. E.g., Cosco v. Uphoff, 195 F.3d 1221 (10th Cir. 1999)(per curiam). Accordingly, the Court dismissed with prejudice Worthen's claims seeking relief against Hill in either capacity for a deprivation of due process. See Doc. 51 at 3.

The Court further found that Worthen's claim for reimbursement against Hill, individually, under the eighth amendment based upon her seizure of Worthen's sunglasses and case likewise failed. Worthen's allegations at most reflected negligence on Hill's part either because she mistakenly believed that the items were contraband, see Complaint at 2, ¶ 3, or because she was unaware of a policy that Worthen had contended was promulgated by the Oklahoma Department of Corrections that permitted prisoners to possess eyeglasses with tinted lenses in certain situations.

As the Court stated, a violation of the eighth amendment's guarantee of humane conditions of confinement and its proscription against "unnecessary and wanton infliction of pain," Gregg v. Georgia, 428 U.S. 153, 173 (1976)(joint opinion), requires evidence of deliberate indifference to a prisoner's serious medical needs. E.g., Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). The Court found, absent allegations in this case that Hill, individually, had a "'sufficiently culpable state of mind,'" Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)), that she was qualifiedly immune from Worthen's eighth amendment claim seeking reimbursement. See Doc. 51 at 3.

The matter was re-referred to Magistrate Judge Bacharach on September 13, 2005, for further proceedings, and on July 28, 2006, he issued a Report and Recommendation, wherein he recommended that summary judgment be entered in favor of Hill on the one remaining claim[1] lodged against her. Worthen was advised of his right to object, and the matter now comes before the Court on Worthen's Objection to the Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach that Worthen is not entitled to the relief he has requested. As stated, a prison official may be held liable under title 42, section 1983 of the United States Code for a violation of the eighth amendment if a prisoner can show that the prison official was deliberately indifferent to that prisoner's serious medical needs. E.g., Estelle, 429 U.S. at

---

[1]Although Worthen filed a First Amended Complaint and attempted to amend his allegations against Hill, such amendments were made without permission. The Court has therefore disregarded the same.

104-05.

As Magistrate Judge Bacharach so assumed, this Court has likewise assumed arguendo that Worthen's need for the prescription sunglasses was "sufficiently serious" to warrant protection under the eighth amendment.  To survive Hill's challenge under Rule 56, however, Worthen must also establish a genuine issue of material fact with regard to whether Hill acted with deliberate indifference to that serious medical need.  E.g., Farmers, 511 U.S. at 834 (prison official violates eighth amendment only when two requirements are met).  The Court finds that Worthen has failed to do so.

"Deliberate indifference" as recognized by the United States Supreme Court exists only when a prison "official knows of and disregards an excessive risk to inmate health or safety . . . ."  Id. at 837.  The prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference."  Id.

As Magistrate Judge Bacharach noted, Worthen has advanced two theories to hold Hill liable in this action: (1) Hill seized the sunglasses and case because she mistakenly believed that they were contraband, and (2) Hill confiscated the property for her own personal gain, with knowledge that the sunglasses were medically necessary.  The first theory is grounded in negligence, which is insufficient to establish a violation under the eighth amendment.  E.g., id. at 835 (deliberate indifference describes state of mind more blameworthy than negligence).  The second theory fails because there is no evidence that Hill consciously disregarded the substantial risk of serious harm to Worthen when she seized his property or that Hill had actual knowledge that Worthen suffered from diabetes and drew the inference that the pair of prescription sunglasses related to the diabetes or

4

was medically necessary.  E.g., Self v. Crum, 439 F.3d 1227 (10th Cir. 2006).

Accordingly, the Court finds that Hill in her official capacity is entitled to summary judgment as a matter of law on Worthen's claim for replacement of his property under the eighth amendment and thus,

(1) ADOPTS the Report and Recommendation [Doc. 78] issued on July 28, 2006;

(2) GRANTS Hill's Motion to Dismiss and/or for Summary Judgment [Doc. 70] filed on January 11, 2006; and

(3) ORDERS that judgment in favor of Hill shall not issue until all claims have been resolved against all defendants.[2]

ENTERED this _30_ day of August, 2006.

_____
LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[2]On September 13, 2005, the Court resolved all claims asserted by Worthen against defendant William Hull, O.D. [Doc.53].  Although the matter was terminated as to this individual, Worthen named Hull as a defendant in his first amended complaint.  Because Worthen did not have leave to amend his complaint as to this defendant, the Court has not considered the allegations in the first amended complaint as they pertain to Hull.