IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SIDNEY ALLEN WORTHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-04-976-W |
| | ) | |
| WILLIAM HULL et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On July 29, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation that addressed the claims asserted in this matter by plaintiff Sidney Allen Worthen, a state prisoner appearing pro se, against defendants Richard Kirby and Ron Ward. Worthen objected to the Report and Recommendation, and upon de novo review of the record, the Court concurred with Magistrate Judge Bacharach's suggested disposition of the claims asserted against these two defendants.

At the time Worthen commenced this action, he was incarcerated at Lexington Assessment and Reception Center ("LARC"), and he had alleged that upon his arrival at LARC, he was assigned to work as a legal research assistant in LARC's law library. He contended that during the course of his employment, he discovered that the library lacked certain publications, that library officials would supply copies of missing materials only under certain conditions and would not provide certain other legal materials, that inmate legal research training was inadequate, that access to the law library was restricted and that administrative costs were excessive. Worthen claimed that these alleged deficiencies violated his constitutional right of meaningful access to the courts, and he sought equitable

relief as well as "[a]ll other [r]elief the Court deem[ed] just and necessary," Complaint at 16, ¶ E(7), which the Court construed as a request for legal relief or damages, from Kirby and Ward in their individual capacities and in official capacities as General Counsel, Legal Services Division of the Oklahoma Department of Corrections ("DOC"), and DOC Director, respectively.

The Court found that Worthen's claims against both Kirby and Ward in their official capacities that prayed for monetary relief were foreclosed by the eleventh amendment to the United States Constitution, e.g., Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1998)(eleventh amendment bars federal court jurisdiction over state officer acting in official capacity in suits for damages), and dismissed those claims without prejudice to refiling. See Doc. 52 at 2.

The Court further found that Worthen's claims against Kirby and Ward in their official capacities that sought certain equitable relief–adequate vision care, permanent possession of prescription sunglasses and implementation of a diet plan, were likewise barred by the eleventh amendment. The Court noted that although official capacity claims for prospective equitable relief ordinarily were not subject to the eleventh amendment, id., such claims may only survive when the state officer named as defendant has "some connection" to the enforcement of the unconstitutional act. The Court found that Worthen had failed to sufficiently allege that either Kirby or Ward, by virtue of his respective office, had a duty to, and/or was empowered to, provide the requested relief. Accordingly, the Court dismissed those allegations in the complaint concerning diet, vision treatment and confiscated property and the causes of action based thereon that were asserted against

Kirby and Ward in their official capacities.[1]  See Doc. 52 at 3.

As to Worthen's remaining claims against Kirby and Ward in their official capacities that involved prayers for improvements to inmate legal research training and to the law library, the Court found because such claims not only sought prospective equitable relief, but also had sufficient connection to Kirby and Ward and the official duties they performed, that these claims were not subject to, or barred by, the eleventh amendment.  See id.

The Court then considered whether Kirby and Ward in their individual capacities were entitled to dismissal of the remaining claims based upon one or more of the many grounds they had asserted, and in so doing, found that Worthen's failure to allege personal participation on the part of these defendants was dispositive of the Worthen's claims against these two defendants.  See id.

In particular, the Court found that to establish supervisory liability under title 42, section 1983 of the United States Code, a plaintiff must allege an "affirmative link" between the constitutional deprivations about which the plaintiff has complained and either the defendant's "'personal participation, . . . exercise of control or direction, or . . . failure to supervise," Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997)(quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988)), and that Worthen had failed to sufficiently allege this "affirmative link" in connection with both Kirby and Ward.  The Court further found however, as Magistrate Judge Bacharach had noted, that this deficiency could be cured as to one or both defendants by amendment of the complaint.

---

[1] For the same reasons, the Court found to the extent such claims had been asserted against Kirby and Ward in their individual capacities and sought either legal or equitable relief, that such claims should likewise be dismissed.

On September 13, 2005, the matter was re-referred to Magistrate Judge Bacharach for further proceedings, and on October 21, 2005, Worthen filed his first amended complaint. Kirby and Ward likewise challenged the allegations in this pleading, and on July 28, 2006, Magistrate Judge Bacharach issued a Report and Recommendation addressing these challenges.

The matter now comes before the Court for de novo review not only on Worthen's Objection to the Report and Recommendation,[2] but also on Ward's Objection to the same.

In his first amended complaint, Worthen has asserted claims for both monetary and equitable relief against Kirby and Ward, individually and in their official capacities, relating to vision care and treatment, diet plan implementation and dietitian employment practices and prison policies concerning the same as well as pertaining to the prison law library and legal research training. To the extent that Worthen has asserted these claims against Kirby and Ward in their official capacities and has sought monetary relief, the Court finds that all such claims are barred by the eleventh amendment to the United States Constitution and should be dismissed without prejudice to refiling. E.g., Ellis, 163 F.3d at 1196 (eleventh amendment bars claims over state officer acting in official capacity in suit for damages).

The Court further finds those claims asserted by Worthen against Kirby in his official capacity that are based upon inadequate vision care (ophthalmologist examinations, prescription sunglasses and optometrist training) and diet (diet plan implementation and

---

[2]To the extent Worthen has requested that this Court order that Kirby and Ward comply with Battle v. Anderson, the Court declines to do so for the reasons stated by Magistrate Judge Bacharach in his Report and Recommendation. See Doc. 76 at 4-5 n.5.

dietitian employment practices) and/or any prison policies relating thereto and seek equitable relief are likewise barred by the eleventh amendment because Worthen has failed to show the connection required by Ex parte Young, 209 U.S. 123, 157 (1908)(to enjoin enforcement of unconstitutional act, state officer must have some connection with its enforcement). The Court finds, however, that Worthen has sufficiently alleged this connection as to Kirby in his official capacity as to those claims involving the prison law library and legal training to survive Kirby's challenge under the eleventh amendment.

The Court further finds as to Worthen's claims against Ward in his official capacity that seek equitable relief that the eleventh amendment does not bar such claims not only because the relief Worthen has sought is prospective, but also because Worthen has alleged the required connection between Ward and enforcement. E.g., id.

The Court has also considered those claims asserted by Worthen against Kirby and Ward based upon his complaint that he has been denied access to the courts. This claim and the many theories advanced in support of the same are asserted against Kirby and Ward in both their individual and official capacities.

To the extent the defendants have requested summary judgment on these claims, the Court is mindful that it does at this stage evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the

parties' evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P.

An essential element of Worthen's claim that he has been denied access to legal materials is "actual injury." Lewis v. Casey, 518 U.S. 343, 351 (1996). Conclusory allegations of injury or prejudice are insufficient, and "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. A prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.

Based upon the record, the Court not only finds that Worthen has failed to demonstrate a genuine issue of disputed fact with regard to his claim of actual injury and thus, with regard to his claim that he has been denied access to the courts because of his inability to obtain legal materials, but also finds that Kirby and Ward are entitled to judgment as a matter of law in their favor on this claim. The Court further holds that such findings mandate summary judgment in these defendants' favor on Worthen's claim that Kirby and Ward are liable as supervisors. In the absence a predicate constitutional violation by the prison employee being supervised and/or trained, there can be no actionable claim against the supervising official. E.g., Webber v. Mefford, 43 F.3d 1340 (10th Cir. 1994).

The Court further finds that all other theories advanced by Worthen in support of his cause of action based upon denied access to the courts, including his theories regarding inadequate legal assistant training, limited access to LARC's law library and excessive administrative costs, should likewise be dismissed. As stated, actual injury is an essential element of this claim, e.g., Lewis, 518 U.S. at 351, and Worthen's failure to sufficiently allege any actual injury stemming from an alleged lack of access requires dismissal of this cause of action for failure to state a valid claim for relief.

The Court has also considered Worthen's claims against Ward that are grounded in Ward's alleged failure to train prison employees regarding prison policies and his failure to require their compliance with the same. Worthen in particular, has complained about Ward's failure to insure prison employees' knowledge of, and compliance with, OP-140133, which allows inmates to possess eyeglasses if deemed medically necessary by a facility optometrist. Because the Court has determined this date that confiscation of Worthen's prescription sunglasses did not deprive Worthen of any constitutional rights, the Court finds that Ward cannot be liable for his failure to insure that prison employees knew of, and complied with, this policy. Thus, Ward is entitled to dismissal of these claims.

Finally, the Court has considered the claim asserted by Worthen against Ward, individually and in his official capacity, that is based upon Ward's failure to hire a licensed dietitian. Ordinarily, the Court declines to consider arguments and authorities not first presented to the Magistrate Judge, and the record clearly shows that Ward's challenges to this claim and to the relief requested thereunder are more fully developed and focused in his Objection than in his Motion to Dismiss and/or for Summary Judgment.

The Court is mindful that the purposes behind this rule include conservation of judicial resources and prevention of piecemeal presentation of evidence; the Court is equally mindful, however, that its examination of the arguments and authorities set forth in Ward's Objection at this stage deprives the Court of the benefit of Magistrate Judge Bacharach's considered view of the entire record. The Court therefore finds under these circumstances that revisitation of this claim by the Magistrate Judge is warranted.[3]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 76] issued on July 28, 2006, in all respects except to the extent it pertains to Worthen's claim against Ward, individually and in his official capacity, based upon Ward's failure to hire a licensed dietitian;

(2) GRANTS the Motion to Dismiss and/or for Summary Judgment [Doc. 71] filed by Kirby and Ward on January 11, 2006, to the extent

    (a) the Court DISMISSES all claims seeking monetary relief against Kirby and Ward in their official capacities;

    (b) the Court DISMISSES those claims asserted by Worthen based upon vision care and diet that seek equitable relief against Kirby in his official capacity;

    (c) the Court GRANTS summary judgment in favor of Kirby and Ward, individually and in their official capacities, on Worthen's claim that he has been denied access to the courts due to selective denial of legal materials and/or his inability to obtain legal materials;

---

[3]Further briefing by either Ward or Worthen on this claim is not warranted. Rather, Magistrate Judge Bacharach should consider Ward's Motion to Dismiss and/or for Summary Judgment supplemented by the arguments and authorities in his Objection.

(d) the Court DISMISSES all remaining claims against Kirby, individually and in his official capacity;

(e) the Court DISMISSES all remaining claims against Ward, individually and in his official capacity, that are based upon an alleged denial of access to the courts; and

(f) the Court DISMISSES all claims against Ward, individually and in his official capacity, that are based upon failure to train prison employees to comply with particular policies and/or failure to supervise said employees and insure their compliance;

(3) RE-REFERS this matter to Magistrate Judge Bacharach for the limited purposes of

(a) revisiting the issue of Worthen's claim against Ward, individually and in his official capacity, based upon Ward's failure to hire a licensed dietitian; and

(b) securing counsel to represent Worthen, see First Amended Complaint at 18; Objection at 3, since unresolved issues remain for trial at least in connection with defendant Harvey Craig;

(4) DIRECTS the Clerk of the Court to send Worthen a copy of the form entitled "Consent to Proceed Before a United States Magistrate Judge," and ADVISES all remaining parties that they have the right to not consent, but that if a party does so consent, then that party shall file (electronically or conventionally, whichever is appropriate) a completed form no later than September 22, 2006, and further ADVISES the parties that if all remaining parties consent to trial by a Magistrate Judge, the Court will transfer the case to a Magistrate Judge for all further proceedings, including entry of judgment; and

(5) ADVISES the parties that once the issues of counsel, consent and Ward's liability, if any, in either capacity or both, are resolved, the Court or the Magistrate Judge,

if appropriate, will set deadlines in this matter and enter a scheduling order.

ENTERED this 30th day of August, 2006.

_____
LEE R. WEST
UNITED STATES DISTRICT JUDGE