IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SIDNEY ALLEN WORTHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-976-W |
| | ) | |
| WILLIAM HULL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**
**ON THE CLAIM INVOLVING MR. RON WARD'S**
**FAILURE TO HIRE A LICENSED OR REGISTERED DIETICIAN**

The present action involves claims by Sidney Worthen regarding the conditions of his

confinement while housed at Lexington Assessment and Reception Center ("LARC"). In

part, Mr. Worthen alleges that Defendant Ron Ward had violated the Eighth Amendment

through a failure to employ a licensed or registered dietician at LARC.[1] First Amended

Complaint, Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 Jury Trial Demanded by

Judge or by Magistrate at p. 8B (Oct. 21, 2005) (Doc. 61) ("Amended Complaint").[2] Mr.

Ward seeks summary judgment on this claim, arguing in part that the Plaintiff lacks evidence

---

[1]     The Court has granted dismissal or summary judgment to Defendant Ward on the claims involving denial of court access, failure to train employees regarding prison policy, and supervisory liability for employees' failure to follow prison policy. Order at pp. 4-7 (Aug. 30, 2006) (Doc. 89).

[2]     Judge West has recommitted the action to the undersigned in part for reconsideration of the claim concerning Mr. Ward's failure to hire a dietician at LARC. Order at p. 9 (Aug. 30, 2006) (Doc. 89). In evaluating this claim, Judge West has instructed the undersigned to consider Defendant Ward's Motion to Dismiss and/or for Summary Judgment (Doc. 71) as supplemented by his objection to the report and recommendation (Doc. 85). *Id.* at p. 8 n.3. Under the order, additional briefing was unwarranted. *Id.*

of deliberate indifference.  Defendant Ward's Objection to the Report and Recommendation at pp. 1-3 (Aug. 18, 2006) (Doc. 85) ("Defendant Ward's Objection").[3]  Mr. Ward is correct.

I.      BACKGROUND

Mr. Worthen suffers from diabetes and alleges that while he was at LARC, his diet had been inadequate.  Amended Complaint at pp. 2, 8-8D.  According to the Plaintiff, this deficiency violated the Eighth Amendment and implicated Defendant Ward as Director of the Department of Corrections.  *Id.* at pp. 8B-8C.  Mr. Worthen alleges that Mr. Ward was liable for the inadequate diet through a failure to hire a licensed or registered dietician to plan the meals at LARC.  *Id.*

II.     THE EIGHTH AMENDMENT CLAIM

Because Mr. Worthen lacks evidence of deliberate indifference, Mr. Ward is entitled to summary judgment on the claim involving the failure to engage a dietician.

A.      Standard for Summary Judgment

Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When only one reasonable outcome exists,

---

[3]      Mr. Ward also urges summary judgment on other grounds.  Defendant Ward's Objection at pp. 1-7.  The Court need not address these arguments in light of the recommendation for summary judgment on other grounds.  *See infra* pp. 2-5.

summary judgment is necessary.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

      B.      <u>The Eighth Amendment</u>

Under the Eighth Amendment, prison officials must supply "humane conditions of confinement" with respect to an inmate's diet.  *See McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (requiring prison officials to provide "adequate food").  For liability under the Eighth Amendment, a plaintiff must satisfy two requirements, consisting of an objective and subjective component.

The objective component requires that the alleged deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  An alleged deprivation is sufficiently serious if the prisoner is deprived of the minimal civilized measure of life's necessities. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The subjective component requires prison officials to act with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. at 297.  Culpability occurs when a prison official bears deliberate indifference to a substantial risk of serious harm for an inmate. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The standard requires a greater degree of fault than negligence or gross negligence. *See*, *e.g.*, *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993).

C.     Defendant Ward's Entitlement to Summary Judgment on the Remaining Claim

Mr. Ward is entitled to summary judgment on the remaining claim, as the Plaintiff

lacks any evidence of deliberate indifference.[4]

As stated above, the Eighth Amendment is violated only if the defendant had acted

with "deliberate indifference." *See supra* p. 3.  Deliberate indifference is present when an

official "knows of and disregards an excessive risk to inmate health or safety; the official

must both be aware of facts from which the inference could be drawn that a substantial risk

of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S.

825, 837 (1994).  The Plaintiff lacks any evidence of deliberate indifference by Mr. Ward in

the failure to hire a dietician, and he is entitled to summary judgment on this claim.

The complaint includes allegations that Mr. Ward had failed to utilize a registered or

licensed dietician at LARC, which "created a danger for plaintiff and other diabetics . . . ."

Amended Complaint at p. 8B.  But no evidence exists concerning recognition by Mr. Ward

of Mr. Worthen's need for a different diet.  In the absence of actual awareness of the need,

Mr. Ward's alleged failure to act would not constitute a violation of the Eighth Amendment.

*See Verdecia v. Adams*, 327 F.3d 1171, 1176 (10th Cir. 2003) ("Absent subjective awareness

and knowledge of the risk, [the defendants] cannot be found to have inflicted punishment in

---

[4]     The Court may assume *arguendo* that the Plaintiff's need for a nutritionally adequate diet
was "sufficiently serious" to merit protection under the Eighth Amendment.  *See Thompson v.
Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (stating that the need for a medically necessary diet
could satisfy the objective portion of the test under the Eighth Amendment).

a manner that violates the Eighth Amendment."); *see also Brown v. Prison Health Services*,

159 Fed. Appx. 840, 841 (10th Cir. Dec. 16, 2005) (unpublished op.) (holding that the district

court had correctly dismissed a diabetic prisoner's Eighth Amendment claim "because there

was absolutely no indication that prison officials [had] knowingly placed [the plaintiff] on

the improper diabetes medication"). Accordingly, Defendant Ward is entitled to summary

judgment on the Eighth Amendment claim involving the lack of a licensed or registered

dietician.

III.    NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection

must be filed with the Clerk of this Court by October 16, 2006. *See* W.D. Okla. Local Civil

Rule 72.1(a). The failure to timely object would foreclose appellate review of the suggested

rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v.*

*Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections

to the magistrate judge's recommendation are deemed waived.").

IV.    STATUS OF REFERRAL

The referral is not terminated.

Entered this 26th day of September, 2006.

_____

Robert E. Bacharach
United States Magistrate Judge