IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

SIDNEY ALLEN WORTHEN, )
)
        Plaintiff, )
)
vs. ) No. CIV-04-976-W
)
WILLIAM HULL et al., )
)
        Defendants. )

## ORDER

On July 29, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation that addressed the claims asserted in this matter by plaintiff Sidney Allen Worthen, a state prisoner appearing pro se, against defendant Ron Ward. Worthen objected to the Report and Recommendation, and upon de novo review of the record, the Court concurred with Magistrate Judge Bacharach's suggested disposition of the claims asserted against Ward.

At the time Worthen commenced this action, he was incarcerated at Lexington Assessment and Reception Center ("LARC"), and he had alleged that upon his arrival at LARC, he was assigned to work as a legal research assistant in LARC's law library. He contended that during the course of his employment, he discovered that the library lacked certain publications, that library officials would supply copies of missing materials only under certain conditions and would not provide certain other legal materials, that inmate legal research training was inadequate, that access to the law library was restricted and that administrative costs were excessive. Worthen claimed that these alleged deficiencies violated his constitutional right of meaningful access to the courts, and he sought equitable

relief as well as "[a]ll other [r]elief the Court deem[ed] just and necessary," Complaint at 16, ¶ E(7), which the Court construed as a request for legal relief or damages, from Ward in his individual capacity as well as in his official capacity as Director of the Oklahoma Department of Corrections ("DOC").

The Court found that Worthen's claims against Ward in his official capacity that prayed for monetary relief were foreclosed by the eleventh amendment to the United States Constitution, e.g., Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1998)(eleventh amendment bars federal court jurisdiction over state officer acting in official capacity in suits for damages), and dismissed those claims without prejudice to refiling. See Doc. 52 at 2.

The Court further found that Worthen's claims against Ward in his official capacity that sought certain equitable relief–adequate vision care, permanent possession of prescription sunglasses and implementation of a diet plan, were likewise barred by the eleventh amendment. The Court noted that although official capacity claims for prospective equitable relief ordinarily were not subject to the eleventh amendment, id., such claims may only survive when the state officer named as defendant has "some connection" to the enforcement of the unconstitutional act. The Court found that Worthen had failed to sufficiently allege that Ward, by virtue of his respective office, had a duty to, and/or was empowered to, provide the requested relief. Accordingly, the Court dismissed those allegations in the complaint concerning diet, vision treatment and confiscated property and the causes of action based thereon that were asserted against Ward in his

official capacity.[1] See Doc. 52 at 3.

As to Worthen's remaining claims against Ward in his official capacity that involved prayers for improvements to inmate legal research training and to the law library, the Court found because such claims not only sought prospective equitable relief, but also had sufficient connection to Ward and the official duties he performed, that these claims were not subject to, or barred by, the eleventh amendment. See id.

The Court then considered whether Ward in his individual capacity was entitled to dismissal of the remaining claims based upon one or more of the many grounds he had asserted, and in so doing, the Court found that Worthen's failure to allege personal participation on Ward's part was dispositive of Worthen's claims against him. See id.

To establish supervisory liability under title 42, section 1983 of the United States Code, a plaintiff must allege an "affirmative link" between the constitutional deprivations about which the plaintiff has complained and either the defendant's "'personal participation, . . . exercise of control or direction, or . . . failure to supervise," Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997)(quoting Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988)). The Court found that Worthen had failed to sufficiently allege this "affirmative link" in connection with Ward, but further found however, as Magistrate Judge Bacharach had noted, that this deficiency could be cured by amendment of the complaint.

Accordingly, on September 13, 2005, the matter was re-referred to Magistrate Judge Bacharach for further proceedings, and on October 21, 2005, Worthen filed his first amended complaint. Ward again challenged the allegations in this pleading, and on July

---

[1]The Court likewise dismissed those same claims asserted against Ward in his individual capacity.

28, 2006, Magistrate Judge Bacharach issued a Report and Recommendation addressing these challenges. Both Worthen and Ward objected to the Report and Recommendation, and the Court reviewed the record de novo.

In his first amended complaint, Worthen had asserted claims for both monetary and equitable relief against Ward, individually and in his official capacity, relating to vision care and treatment, diet plan implementation and dietitian employment practices and prison policies concerning the same as well as pertaining to the prison law library and legal research training. To the extent Worthen had asserted these claims against Ward in his official capacity and had sought monetary relief, the Court found that all such claims were barred by the eleventh amendment and should be dismissed without prejudice to refiling. E.g., Ellis, 163 F.3d at 1196 (eleventh amendment bars claims over state officer acting in official capacity in suit for damages). See Doc. 89 at 4.

The Court on the other hand found that the eleventh amendment did not bar Worthen's claims against Ward in his official capacity that sought equitable relief because the relief Worthen had sought was prospective and because Worthen had alleged the required connection between Ward and enforcement. Id. at 5.

The Court also considered those claims asserted by Worthen against Ward based upon his complaint that he had been denied access to the courts. This claim and the many theories advanced in support thereof were asserted against Ward in both his individual and official capacities.

In reviewing the record, the Court not only found that Worthen had failed to demonstrate a genuine issue of disputed fact with regard to his allegations of actual injury, an essential element of his claim, see Doc. 89 at 6, but also found that Ward was entitled

to judgment as a matter of law under Rule 56, F.R.Civ.P., on this claim. See Doc. 89 at 6. The Court further held that its findings mandated summary judgment in Ward's favor on Worthen's claim that Ward was liable as a supervisor. Id.; e.g., Webber v. Mefford, 43 F.3d 1340 (10th Cir. 1994).

For these same reasons, the Court likewise dismissed all other theories advanced by Worthen in support of his cause of action based upon denied access to the courts, including his theories regarding inadequate legal assistant training, limited access to LARC's law library and excessive administrative costs. See Doc. 89 at 7.

The Court also considered Worthen's claims against Ward that were grounded in Ward's alleged failure to train prison employees regarding prison policies and his failure to require their compliance with such policies. Worthen, in particular, had complained about Ward's failure to insure that prison employees knew of, and complied with, OP-140133, which allows inmates to possess eyeglasses if deemed medically necessary by a facility optometrist. Because the Court had determined that confiscation of Worthen's prescription sunglasses did not deprive Worthen of any constitutional rights, the Court found that Ward could not be liable for his failure to insure that prison employees had knowledge of and/or had complied with, this policy. See Doc. 89 at 7.

Finally, the Court considered the claim asserted by Worthen against Ward, individually and in his official capacity, that was based upon Ward's failure to hire a licensed dietitian. In so doing, the Court found that Ward's challenges to this claim and to the relief requested thereunder were more fully developed in his Objection than in his Motion to Dismiss and/or for Summary Judgment.

5

Because the Court deemed it appropriate to have the benefit of Magistrate Judge Bacharach's considered view of the entire record, the Court on August 30, 2006, requested the Magistrate Judge to revisit this claim,[2] and the matter now comes before the Court on Magistrate Judge Bacharach's Report and Recommendation. Worthen has responded, and based upon a de novo review of the record, the Court agrees with the Magistrate Judge's proposed disposition of Worthen's claim that Ward violated the eighth amendment because he failed to employ a licensed dietician at LARC.

In ruling on Ward's request for summary judgment, the Court does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P.

---

[2]The Court did advise Magistrate Judge Bacharach that no further briefing on this claim was warranted, and it directed him to consider Ward's Motion to Dismiss and/or for Summary Judgment as supplemented by the arguments and authorities in his Objection.

The eighth amendment "imposes [a] dut[y] on . . . [prison] officials . . . [to] provide humane conditions of confinement[,]" Farmer v. Brennan, 511 U.S. 825, 832 (1994), and to hold Ward liable for violating this duty, Worthen must satisfy two requirements. Id. at 834; e.g., Self v. Crum, 439 F.3d 1227 (10th Cir. 2006)(eighth amendment claims subject to two-pronged inquiry, comprised of objective and subjective components). He is first charged with demonstrating that the alleged "deprivation . . . be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). That is to say, Ward's "act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

Worthen must also demonstrate that Ward "have a 'sufficiently culpable state of mind.'" Id. (quoting Wilson, 501 U.S. at 297)(other citations omitted). "In prison-condition cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." Id. (citations omitted).

"Deliberate indifference describes a state of mind more blameworthy than negligence." Id. at 835 (citation omitted). As in this case, Ward, to be held liable, must "know[] of and disregard[] an excessive risk to inmate health or safety; [he] . . . must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

As the record demonstrates, Worthen has failed to present any evidence that Ward by failing to hire a licensed dietician at LARC was deliberately indifferent to Worthen's health or safety. In the absence of such evidence, the Court finds that Ward is entitled to summary judgment on this claim.

Accordingly, the Court based upon the foregoing

(1) ADOPTS the Report and Recommendation [Doc. 91] issued on September 26, 2006;

(2) GRANTS Ward's Motion to Dismiss and/or for Summary Judgment [Doc. 71] filed on January 11, 2006, to the extent that the Court now finds that Ward, individually and in his official capacity, is entitled to judgment as a matter of law on Worthen's claim that Ward violated the eighth amendment by failing to hire a licensed dietician at LARC;

(3) further ORDERS pursuant to the Consents to Jurisdiction by a United States Magistrate Judge [Docs. 90, 92] filed in this case on September 22 and 27, 2006, that this matter should be and is hereby TRANSFERRED to Magistrate Judge Bacharach for all further proceedings (including consideration of Worthen's statements in his Objection file-stamped on October 11, 2006) and entry of judgment in accordance with title 28, section 636 of the United States; and

(4) ADVISES the parties that the case number reflected on all further pleadings and papers filed in this matter should be No. CIV-04-976-BA rather than No. CIV-04-976-W to insure the prompt distribution of pleadings and papers to Magistrate Judge Bacharach.

ENTERED this 19th day of October, 2006.

LEE R. WEST
UNITED STATES DISTRICT JUDGE